In the Matter of the Estate of MICHELE DiFILIPPO, Deceased.

Surrogate's Court, Kings County, February 23, 1937.

*Avel B. Silverman*, attorney *pro se*, as administrator *de bonis non*, accountant, respondent.

*Joseph B. LaManna*, for the petitioner, distributee.

WINGATE, S. This is a proceeding by the widow of this decedent against the administrator who was also her attorney in fact, for the judicial fixation of his compensation in the latter capacity and for a refund of any sum actually retained by him found to be excessive.

The decedent died in February, 1929. In September, 1931, the respondent, by virtue of his power of attorney, received from himself as administrator the sum of $1,600, representing the distributive share of the widow. He transmitted $800 thereof to her and retained the other $800 as his purported compensation as her attorney in fact. It is this transaction the judicial scrutiny of which is presently desired by the widow.

The respondent questions the jurisdiction of this court to adjudicate the issue, and this is the sole matter presently submitted for decision.

Of course, jurisdiction in this regard was expressly conferred upon this court by section 231-b of the Surrogate's Court Act. This statute, however, did not become effective until March 25, 1935 (Laws of 1935, chap. 206), wherefore, since the transactions here in issue occurred prior to that date, the question arises as to whether the statute is retroactive in effect.

The purpose of the enactment is obvious and is merely another instance of the application of the policy of the Legislature, envisaged in section 40 of the Surrogate's Court Act, to authorize Surrogates' Courts "to try and determine all questions, legal or equitable * * * necessary to be determined in order to make a full, equitable and complete disposition" of the affairs connected with or intimately arising from the administration or settlement of the estate of a particular decedent.

The effect of section 231-b of the Surrogate's Court Act is merely to apply in respect to attorneys in fact in the Surrogate's Court the same remedies and procedure applicable to attorneys at law under section 231-a. The legal considerations applicable to both statutes are consequently obviously similar if not, indeed, identical.

So far as concerns recovery from either type of fiduciary of an excess of compensation received or retained, the basis of relief is purely equitable, and is founded on the principle that equity will not permit one standing in a fiduciary position to capitalize thereon for the purpose of obtaining an unconscionable personal advantage at the expense of his *cestui que trust*.

It follows, therefore, that from time immemorial courts of general equitable jurisdiction have intervened to set aside transactions based on the duress, fraud or overreaching of persons standing in a fiduciary relationship. (*Harmony* v. *Bingham*, 12 N. Y. 99, 116; *Kilpatrick* v. *Germania Life Ins. Co.*, 183 id. 163, 168; *Adams* v. *Gillig*, 199 id. 314, 317; *Whipple* v. *Brown Bros.*, 225 id. 237, 241; *Ward* v. *Orsini*, 243 id. 123, 128; *Rodkinson* v. *Haecker*, 248 id. 480, 489; *Van Dyke* v. *Wood*, 60 App. Div. 208, 214; *Downey* v. *Mallinson*, 232 id. 703, 704; *Matter of Clark*, 233 id. 487, 491; *Schweickert* v. *Schenectady Holding Co.*, 238 id. 220, 221.) These considerations were fully reviewed by this court in *Matter of Woolfson* (158 Misc. 928) in its consideration of the basis of jurisdiction of this court under section 231-a to award to a client a recovery of excess compensation voluntarily paid him under a retainer contract.

It is unquestionable, therefore, that, prior to the enactment of section 231-b, a court of general equitable jurisdiction would have possessed authority to take cognizance of a proceeding instituted by a person whose agent or attorney in fact had reaped an uncon-

scionable personal advantage through the medium of the relationship.

The effect of the enactment is to vest such jurisdiction in the appropriate Surrogate's Court in respect to powers of attorney in fact relating to matters affecting estates within its authority. It is, therefore, merely an enlargement of the remedy formerly available to the suitor by opening to him an additional tribunal in which relief may be sought. The unbroken tenor of decisions on the subject is to the effect that the alteration or extension of a remedy, so long as it does not amount to a substantial impairment of existing rights, is deemed to be retroactive. (*Penniman's Case*, 103 U. S. 714, 720; *United States* v. *Union Pacific R. Co.*, 98 id. 569, 606; *People ex rel. Durham Realty Corp.* v. *La Fetra*, 230 N. Y. 429, 441; *Levy Leasing Co.* v. *Siegel*, Id. 634, 635; *Sackheim* v. *Pigueron*, 215 id. 62, 73; *Ives* v. *South Buffalo Railway Co.*, 201 id. 271, 298; *Matter of Davies*, 168 id. 89, 110; *Howard* v. *Moot*, 64 id. 262, 268; *Commissioner of Public Welfare* v. *Nelson*, 232 App. Div. 763; *Matter of Cohen*, 149 Misc. 765, 780; *Matter of Reppucci*, 145 id. 671, 675.) As this court observed respecting a similar contention that Surrogates' Courts possessed no jurisdiction to compel a return of excessive fees exacted by an attorney at law prior to the extension of section 231-a in 1934: " He cites no authority for the position that an alleged wrongdoer possesses a vested right to be called to book by a particular tribunal, and the court is familiar with none." (*Matter of Rosenberg*, 157 Misc. 490, 493.) This is particularly true in proceedings under sections 231-a and 231-b, since the remedy available in this court, by an independent proceeding for the purpose, corresponds in all essential particulars with the similar proceeding in use in the Supreme Court, and is in no way more onerous upon the person from whom the recovery is sought. (See *Matter of Rosenberg*, 157 Misc. 490, 495-497.)

" To remit the claimant to another forum * * * would be a postponement of justice equivalent to a denial. If anything is due him, he should get it in the forum whose aid he has invoked." (*Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72.)

The court accordingly determines that it possesses jurisdiction under section 231-b of the Surrogate's Court Act to adjudicate the merits of the proceeding at bar, and the motion to dismiss for lack thereof is denied.

Enter order on notice in conformity herewith.