In the Matter of the Estate of MARY GARRITY, Deceased.

Surrogate's Court, New York County, October 29, 1937.

*Edward T. Corcoran,* for Mary A. Fagan and Catherine Tevlin, petitioners.

*Theodore M. Gibbons, Jr.,* for John J. Dwyer, respondent-attorney.

DELEHANTY, S. The respondent here, an attorney at law, filed in this court a power of attorney authorizing him to act for the petitioners in this proceeding (among others) in obtaining from the city treasury the funds deposited for the benefit of the next of kin of deceased. Eventually a decree was entered which by its terms directed payments to petitioners here of specific sums of money. Petitioners assert that they did not receive the amounts directed to be paid them and now complain of the charges made against their shares by the respondent-attorney. The latter has not answered the petition on the merits, but challenges the jurisdiction of the court to take any action on the petition.

The court holds that it has complete jurisdiction. The decree heretofore entered is final in the sense that it fixed the rights of the parties. It is not final in the sense now urged by the respondent-attorney. The court still retains jurisdiction to enforce the decree. One aspect of that enforcement is here the fixation of the proper charges of the attorney in fact for the distributees. The power to fix his charges is granted to this court by section 231-b of the Surrogate's Court Act. That section states that the power may be exercised " irrespective the pendency of a particular proceeding." It was intended to enable the court to reach the evil of overcharges made by attorneys in fact to persons interested in the estates of deceased persons. The section should not be construed narrowly, but rather broadly, so as to effect the purposes which caused its enactment.

If respondent-attorney desires an opportunity to contest the application on the merits he may file within five days after the publication of this decision an answer setting forth any defenses which he may have to the allegations in the petition. Lacking such answer, an order may be submitted, on notice, granting the prayer of the petition and fixing a date as of which the charges of the attorney in fact will be inquired into and fixed. If an answer be filed raising an issue of fact, the court will then set a date for hearing upon the issue so formulated.