In the Matter of the Estate of MARY GARRITY, Deceased.

Surrogate's Court, New York County, May 24, 1938.

*Jerome Teich*, for the petitioners.

*Theodore M. Gibbons, Jr.*, for the attorney-in-fact, respondent.

DELEHANTY, S. This is a proceeding under section 231-b of the Surrogate's Court Act to fix the fees of the attorney-in-fact for certain distributees of deceased. The statute authorizes the court " to fix and determine the compensation, charges and expenses of a person acting under a power of attorney * * * and to review and determine the validity and reasonableness of any such compensation, charge or expense, whether or not the same has been previously fixed by agreement."

The attorney-in-fact here seeks the issuance of a commission to take testimony of the distributees who signed the powers of attorney. The declared purpose of the commission is to establish, first, the execution of the retainer under which the attorney-in-fact acted, and second, the fact that opposition to the fee is now made because inspired.

There is express stipulation that the attorney-in-fact obtained the fifty per cent retainer which is set forth in his answer. Examination on that branch of the issues is no longer necessary. The court holds that the so-called defense set up by respondent in his answer respecting the source of the attack upon his retainer agreement is insufficient in law. The sole material questions to be determined by the court are the extent of the service and the reasonableness of the charges therefor and of the expense incurred in the rendition of them. There is no suggestion that the examination is desired for the purpose of developing any relevant facts on these points. The granting of the application would impose additional burden upon the estate and would defer for a considerable time the distribution to which the petitioners are entitled.

Petitioners are seeking a remedy which the court has full power to grant them. (*Matter of DiFilippo*, 162 Misc. 423.) It would be an abuse of discretion to defer the hearing and determination of the sole issue which is material.

Submit, on notice, order denying the application.