John C. Boylan, S.
There is presented for determination in this proceeding to settle the account of the administrator, the question whether the attorney at law for the attorney in fact is subject to the provisions of section 32-a of the Personal Property Law and section 231-b of the Surrogate’s Court Act.
*658 The decedent died a resident of Richmond County in 1949 leaving her surviving a daughter and two children of a predeceased daughter as her sole distributees. Such distributees are residents of the Union of Soviet Socialist Republics. During the administration of the estate a power of attorney was duly filed and recorded on behalf of these foreign distributees and an attorney appeared for the attorney in fact. The material part of said power, of attorney insofar as this proceeding is concerned is as follows: “ granting full power to my said attorney * * * including the retainer and employment of attorneys and other persons, for the full, effectual and complete execution of the business herein described, * * #. Giving and granting upon my (our) said attorney full power and authority to do and perform all and every act and thing whatsoever requisite or necessary to be done in or about the premises or as my (our) said attorney may in his discretion deem proper, as fully to all intents and purposes as I (we) might or could do if personally present; granting said attorney full power of substitution or revocation, hereby ratifying and confirming all that said attorney or his substitutes shall lawfully do or cause to be done by virtue hereof.”
Although the attorney in fact has the power to employ counsel the instrument itself is silent as to the amount to be paid as compensation for his services. The attorney in fact is a member of the New York State Bar. Why he did not appear for himself is a quandary. However, the court recognizes that he had a legal right to employ counsel. It should be observed that the public administrator was the fiduciary and he likewise was represented by counsel. A duty rested upon the public administrator to protect the estate to at least the same degree as that which devolved upon the attorney in fact. There is no indication that this duty was not performed in the highest degree. The only duty devolving upon the attorney in fact and his attorney was the determination that the net estate was in an amount to which their principals were rightfully entitled.
Because of the complicated nature of the estate, a number of hearings were had and a variety of questions resolved. The account which has been filed requests that the funds due the distributees be deposited with the city treasurer, to which there is no objection, and also requests that the fee of the attorney for the attorney in fact be fixed and determined. Said attorney seeks to have his fee fixed at 25% of the net estate which is approximately $10,000. The sum sought is claimed by the attorney under an alleged retainer agreement entered into with the attorney in fact. It is his contention that the retainer *659 agreement is the controlling factor in determining his fee. If the court grants this premise the attorney at law and the attorney in fact could enter into any agreement for compensation they saw fit and barring fraud, duress or an unconscionable amount the agreement would not be subject to review by this court.
It is the opinion of the court that this position is untenable and that no such limitation prevails. Therefore, the determination should be the reasonableness of the fee sought, rather than the amount agreed upon.
Section 32-a of the Personal Property Law provides: “ The recording thereof [power of attorney] shall give jurisdiction to the surrogate over the grantor of such power of attorney and of such other instrument and over the attorney in fact therein named and over every person acting thereunder. * * * The surrogate shall have power to inquire into and determine the validity of every such instrument and to require proof of the amount of compensation or expenses charged or to be charged by the attorney in fact and every person acting thereunder. The surrogate shall have power, in a proceeding authorized by section two hundred and thirty-one-b of the surrogate’s court act or in any appropriate proceeding, to fix and determine the validity and reasonableness of such compensation, charges and expenses, whether or not the same have been previously fixed by agreement and whether or not fixed in the instrument so recorded, or otherwise.”
Section 231-b of the Surrogate’s Court Act is to be read in conjunction with section 32-a of the Personal Property Law. Both of these sections apply to powers of attorney and to persons acting thereunder. Since the attorney in fact is subject to the provisions of the above-mentioned sections the attorney retained by him is also subject to them. He cannot exempt himself from the scope of these sections merely by entering into an agreement with the attorney in fact. The court will not permit by indirection that which could not be done directly. The purpose of these sections was to curtail abuses that might arise between persons acting under a power of attorney and their principals. (Matter of Garrity, 164 Misc. 910.) To sustain the contention of the attorney at law herein would be to negate the purpose of these sections.
The question involved in this proceeding has never been passed upon to the knowledge of the court and therefore becomes of utmost importance in questions which are analogous and which undoubtedly will be presented hereafter.
*660 The court unquestionably has jurisdiction to determine the merits of this proceeding. (Matter of Garrity, 167 Misc. 947.) In Matter of Di Filippo (162 Misc. 423, 424) the court said “ the policy of the Legislature, envisaged in section 40 of the Surrogate’s Court Act, to authorize Surrogates’ Courts ‘ to try and determine all questions, legal or equitable * * * necessary to be determined in order to make a full, equitable and complete disposition ’ of the affairs connected with or intimately arising from the administration or settlement of the estate of a particular decedent.”
The court holds that it is not bound by the terms of the agreement between the attorney and the attorney in fact; that the fee of the attorney for the attorney in fact is an “ expense ” within the meaning of the two sections hereinabove referred to and that the attorney for the attorney in fact is a “ person acting thereunder ” within the meaning of these two sections. Therefore his fee is to be fixed in a reasonable amount.
Accordingly, after taking testimony as to the services performed by the attorney and in view of all the circumstances, the court is of the opinion that a fair and reasonable fee for the attorney representing the attorney in fact is the sum of $2,000.
Submit decree on notice and in accordance herewith.