Joseph A. Cox, S.
In this proceeding instituted by a legatee to compel delivery of a wrist watch found among the effects of the testatrix at the time of her death, the facts necessary to decision are not in dispute. Deceased executed her will on July 13, 1954. At that time she owned a platinum bracelet wrist watch studded with diamonds and valued at $1,200. On December 24, 1954 the deceased sold the watch for $750 and purchased a new one of the same description but of far greater value, the sales price amounting to $5,500.
Paragraph Fifteenth of the will contains the following provision: “ I give and bequeath to Mrs. Florence N. Forker * * * my platinum wrist watch studded with diamonds.”
Mrs. Forker insists that the wrist watch left by the deceased, since it fitted the description of the gift, passes to her as the legacy established in the text just quoted. The executor on the other hand argues that there was an ademption because of *458 the fact that the article described by the testatrix was not in her possession at the time of her death.
It has been stated in what has been described as “the classic example of the books — (that) a bequest of ‘ my black horse ’ cannot pass another black- horse which the testator happened to have at the time of his death.” (Davids on New York Law of Wills, § 753.) This principle is discussed at some length in the opinion of the Court of Appeals in Wetmore v. Parker (52 N. Y. 450) at page 464 where the court said: “ Specific gifts, whether of stock or other personal estate, have been construed to have reference to the property of the testator then in existence, and subsequently acquired articles will not pass. (Red. on Wills, 381, and cases there cited.) A bequest of ‘ my black horse,’ would refer to the one owned by the testator at the date of the will, and would not carry another black horse substituted for that, and which the testator happened to own at his death. So as to the objects of a testator’s bounty, the same principle applies. (Id. 382.) ”
To like effect is the decision of Mr. Justice Cardozo in Matter of Brann (219 N. Y. 263, 267) where he said: “ and that a specific legacy will be construed in the light of the situation existing when it was made (Matter of Delaney, 133 App. Div. 409; 196 N. Y. 530). But it is also true that unless the subject of a specific legacy exists, unchanged in substance, at the date of the will, there results an ademption, complete or partial according to the facts.”
See, also, Matter of Ireland (257 N. Y. 155) in which the court tallied in terms of ‘ ‘ the extinction ’ ’ of the articles left in the form of a specific bequest. Compare, also, Matter of Cameron (278 N. Y. 352) where the court said at page 360: “as to specific gifts it is well established that a will speaks as of the time of its execution, and the will is not ambulatory as to the meaning of the language used. (Morris v. Sickly, 133 N. Y. 456, 459, 460.) ”
In the situation in which the testatrix found herself at the time of the execution of her will, it cannot be denied that she had in mind, in establishing the legacy for Mrs. Forker, a gift of the particular watch which was then in her possession. In this view of the matter there is no room for conjecture. However, only conjecture could supply the answer which Mrs. Forker now urges upon the court, namely that a subsequently purchased watch, because it happened to fit the description employed in the language of gift, was intended by the testatrix to pass under that bequest. The search for the intention of the testatrix does not permit the court to place any reliance upon this argu *459 ment which in its nature is essentially a guess. As was pointed out in the cases cited, a will is not ambulatory in the sense that its language is to be fitted to circumstances which exist at the time of the death of the testatrix concerning articles specifically bequeathed when those circumstances did not obtain at the time of the execution of the will.
There was found among the effects of the testatrix a paper in her handwriting captioned “ This is part of my will ”. On the third page of that document which was offered for probate but denied admission because of improper execution, there appeared the following: “Flossie Forker — no watch as I no longer have the watch mentioned in the will drawn by Mr. Lanier.” The respondent relies upon this instrument as evidence of the fact that the legacy adeemed. However, the court is unable to attach any probative consequence to the writing because the circumstances present in the instant case do not permit resort to extrinsic evidence of this sort (Matter of Salterini, 7 Misc 2d 497 and cases there cited) and consequently the decision here reached is in no way dependent upon the ineffective holograph.
Waldo v. Hayes (96 App. Div. 454 [4th Dept.]), the case upon which the petitioner chiefly relies, is not controlling upon this court and neither that decision nor the others cited in support of the application can be said to be consistent with the doctrine of the Court of Appeals cases which have been discussed earlier in this opinion. Accordingly, the application to compel delivery of the watch in satisfaction of the legacy under paragraph Fifteenth of the will is denied.
Submit decree on notice.