John D. Bennett, S.
On this final accounting the petitioner requests that the provisions of the decree of July 3, 1957 be modified or vacated, and that the trustees be permitted to send packages of food, clothing and supplies to Hungarian legatees on account of sums due them under the decedent’s will. The attorneys in fact for the Hungarian legatees, on the other hand, have taken the position that the court should authorize the transmission of money rather than food parcels, stating: “ We have learned from our Budapest correspondents and we feel that we must inform the court of this fact, that the foreign exchange regulations in Hungary prohibit the conversion of monies received in estates in this country into food packages, etc., purchased in this country for transmittal to the distributees in Hungary ’ ’. In the face of a direct admission by the duly authorized agents of the parties in interest that such procedure would not be permitted, the court accordingly denies the petitioner’s request. For the reasons set forth in its decision in this matter reported at 7 Mise 2d 217, the court adheres to its original ruling in the decree of July 3, 1957, which directed that all sums payable -to residents of Hungary be paid into court pursuant to section 269 of the Surrogate’s Court Act.
The Travelers Insurance Company, which issued a policy on the life of the decedent and holds the proceeds thereof under a settlement agreement, is directed to pay the taxes apportioned thereto from the proceeds of the policy held by it. The beneficiary will be required to submit the policy, together with the settlement agreement, to the insurer for proper indorsement reflecting the amount of tax to be paid.
In the affidavit of services by the attorneys for the attorney in fact, who are actually one and the same, there is a statement that “ our fee arrangement is for twenty (20%) per cent of the. net distribution to our clients ”. This will not be used by the court to determine the measure of compensation here (cf. Matter of Bargel, 5 Misc 2d 657, affd. 7 A D 2d 645; see, also, *1007 Matter of Geiger, 12 Misc 2d 1043). The court fixes the compensation of the attorney in fact, in quantum meruit, in the sum of $500, plus disbursements as itemized.
The incidental relief requested is granted.
Settle decree on five days’ notice.