John D. Bennett, S.
In this accounting proceeding the petitioners request the court to construe certain portions of the decedent’s will and to direct the method to be used to distribute the shares of certain foreign nationals in this estate and to fix the fees of the attorneys for the executors herein. The attorneys for three of the foreign nationals have requested that their fee be fixed herein.
Paragraph second of the decedent’s will provides as follows: ‘ ‘ second : It is my wish that I be laid at rest in the cemetery of the Saint Tikhon’s Monastery at South Canaan, Pennsylvania, and that my Executors keep the expenses in connection with my burial at a minimum and that, if possible, the proceeds of the sale of my War Savings Bonds and the moneys due me from my Retirement Fund in the Air Reduction Company with which I am now connected be used for this purpose. After the expenses of the burial and the erection of a monument on my final resting place have been paid in full I give and bequeath the balance of the money referred to in this paragraph to the Pastoral School of the Russian Orthodox Church now located in the Saint Tikhon’s Monastery at South Canaan, Pennsylvania, absolutely and forever. ’ ’
Upon his death the decedent left neither war bonds nor any benefits due to him from the retirement fund of the Air Reduction Company. Accordingly, the executors have charged the *103 expenso of the decedent’s funeral against the general estate and propose to expend the sum of $270 for a monument to be erected at the decedent’s grave.
The court finds that inasmuch as the specific funds designated by the decedent in his will to pay funeral expenses are not in existence, the executors have properly charged such expenses, including the sum of $270 to be paid for a monument, against the general estate pursuant to the provisions of section 216 of the Surrogate’s Court Act.
Paragraph third of the decedent’s will bequeaths the sum of $3,000 to five named beneficiaries, three of whom have survived the testator. All of these beneficiaries are citizens of and presently reside in the Soviet Union.
Paragraph fourth of the decedent’s will provides as follows: " fourth : Being most anxious to assure my beneficiaries referred to in the preceding paragraph, who are now resident in the Soviet Union, of the maximum benefit under this Will, I request my Executors and Trustees to forward the legacies to them either in the form of cash, clothing, food or in other things as, in the judgment of my Executors and Trustees, may be found needed for their general welfare and in this connection I give my Executors and Trustees the maximum of discretion.”
The executors state in their memorandum of law that they are in doubt as to whether they should pay the three legacies of the survivors of the testator under paragraph third of the will amounting to $1,800 into court or whether they should send appropriate packages to the beneficiaries. No proof has been offered which would satisfy the requirements of section 269-a of the Surrogate’s Court Act with respect to whether these legatees will receive the benefit or use or control of the money or other property due to them. Accordingly this court will not decree payment in cash or by delivery of packages, but will require the amounts due these legatees to be paid into court in accordance with the provisions of section 269-a of the Surrogate’s Court Act.
The fee of the attorneys for the three legatees residing in the Soviet Union is hereby determined on a quantum meruit basis and not upon the alleged agreement concerning which no proof has been offered (Matter of Herz, 14 Misc 2d 1005; Surrogate’s Ct. Act, § 231-b). The amount of their fee for legal services rendered is fixed in the sum of $175 to be apportioned as follows: $75 to be paid out of the share of Shandra Viktorovna Natalia, also known as Alexandra Viktorovna Torsky; $50 to be paid out of the share of Victor Kapitonovich Torsky, and $50 to be paid out of the share of Lydia Georgievna Kardinalovskaya.
*104 Paragraph fifth of the decedent’s will reads as follows: " ‘ fifth : I give and bequeath the proceeds of sale of my Plymouth automobile and of my motor boat to the Russian Orthodox Church of the Holy Trinity located on Chestnut Street, in East Meadow, County of Nassau, in the State of New York, of which I am a member, as my contribution to the cost of building of its parish house provided the construction on it be commenced within five years after by death. In the event the Church fails to commence this construction within that time then I declare this legacy void. ’ ’
At the time of the decedent’s death he owned neither a motor boat nor a Plymouth automobile. However the decedent did own a Mercury automobile which was sold by the executors for the sum of $125. The subject matter of this bequest is specific. Where this subject matter is changed in substance, as in the present case, such change results in an ademption of the legacy (Matter of Morris, 11 Misc 2d 457). Accordingly the proceeds of the sale of the Mercury automobile do not pass under paragraph fifth of the decedent’s will but form a part of his residuary estate.
The bequest of clothing under paragraph sixth of the decedent’s will, having been renounced by the legatee, the Russian American Society to Aid Russians Outside of Russia, Inc., now known as American Russian Aid Association, Inc., said legacy will pass pursuant to the provisions of the residuary clause in paragraph seventh of the will.
Paragraph seventh of the decedent’s will provides as follows: ‘ ‘ seventh : I give devise and bequeath the remainder of my property of whatever kind and nature and wheresoever situated, including lapsed or void legacies, of which I may die seized or possessed or to which I may be entitled at the time of my death to the Executive Board of the Federated Russian Orthodox Clubs, a Pennsylvania corporation, in trust, nevertheless, to be invested and reinvested and held as a perpetual fund to be devoted to educational purposes. I direct that the net annual income therefrom be applied to assist deserving men and women students who are pursuing a higher education in their third and fourth year of college or who are engaged in important research work and who without such assistance might not be able to complete their studies or research work. If at any time, in the discretion of the Executive Board, who will be acting as trustees of this trust, a greater sum than the net income may be necessary or desirable to maintain at least one scholarship each year then I direct that the Executive Board avail itself of the corpus of my estate to the extent necessary for this purpose. I hereby auth *105 orize the Executive Board or any other body created by this organization for this purpose to select the recipients of these scholarships and to fix and apportion the grants among them and I direct that the scholarships shall be known as the Nicholas Torsky Scholarship.”
Paragraph eighth of the decedent’s will provides as follows: £ 1 eighth : It is my wish that the members of the Executive Board of the Federated Russian Orthodox Clubs to whom, under the preceding paragraph, I have devised my house and four lots located at 16 Beverly Road, Wantaugh [sic], in the State of New York, shall not sell or encumber this property by trust deed, mortgage or otherwise, prior to 1952, and that for a period of five years they authorize and empoAver my Executors and Trustees herein named to look after my property so that it will be maintained in the best condition and yield the highest income for scholarship purposes.”
In paragraph tenth the decedent appointed Leon Karpowich, Sr., and Walter Y. Bouquet as “ Executors and Trustees ”.
On the basis of the authority stated by the executors the residuary legatee, Federated Russian Orthodox Clubs, is permitted to receive the bequest in paragraph seventh. The court construes the said paragraph seventh to have created an endowment fund to be used for the purposes set forth therein and to be administered by the Executive Board of the Federated Russian Orthodox Clubs, and approves the stipulation executed by the Attorney-General of the State of Ngav York and the executive board of the said Federated Russian Orthodox Clubs.
Concerning paragraph eighth of the will, the court finds that the testator intended to limit the incumbrance of the realty mentioned therein for a period of five years terminating not later than 1952. Accordingly said paragraph is construed not to constitute a restraint of the sale of the realty upon the Federated Russian Orthodox Clubs.
The fee of Walter Y. Bouquet and Albertson, Simmons & Butler is alloAved in the sum of $1,575, plus the sum of $151.15 for their disbursements. The fee of John J. Randall, III, is fixed in the sum of $1,050. These fees are to cover all services rendered, including settlement of the decree herein and the implementation thereof.