In the Matter of the Estate of BIRDIE ROBINSON, Deceased.

Surrogate's Court, Kings County, November 30, 1966.

*Alexander G. Hesterberg* and *Harold W. Cohn* for Public Administrator of Kings County, petitioner. *George W. Herz* and *Gerald Moss* for Harold Bakerman, respondent.

EDWARD S. SILVER, J. This is a proceeding brought by the Public Administrator by direction of the court. The proceeding is pursuant to section 231-c of the Surrogate's Court Act to determine the validity of agreements entered into between distributees and one Harold Bakerman and to determine the reasonableness of his compensation. Bakerman moves to dismiss the petition on the grounds that this court has no jurisdiction of the subject matter or of the person of respondent, Bakerman.

Section 32-a of the Personal Property Law requires: '' Every power of attorney relating to an interest in a decedent's estate and every conveyance and assignment of an interest in an estate

and every other similar instrument containing an expressed or implied authorization or delegation of power to act thereunder shall be in writing and shall be acknowledged or proved in the manner required to entitle conveyances of real property to be recorded and * * * shall be recorded in the office of the surrogate ''. This section further provides: '' The surrogate shall have power to inquire into and determine the validity of every such instrument ''. And in a proceeding authorized by section 231-c of the Surrogate's Court Act, or in an appropriate proceeding, the Surrogate is given power '' to fix and determine * * * the validity and reasonableness of any such compensation * * * whether or not the same has been previously fixed by agreement. ''

'' The purpose of these sections was to curtail the abuses that might arise between persons acting under a power of attorney and their principals. (*Matter of Garrity,* 164 Misc. 910.) '' (*Matter of Bargel,* 5 Misc 2d 657, 659.)

According to testimony adduced at a hearing in this court on May 23, 1966, Harold Bakerman, a disbarred attorney (*Matter of Bakerman,* 268 App. Div. 21, affd. 295 N. Y. 811), came to see one of the distributees in this estate. He secured an agreement composed by Bakerman in letter form addressed to himself which reads: '' In consideration of your investigations in connection with an inheritance to which I am or may be entitled, I hereby agree to pay you one-third of any amount which may be collected for me. You are hereby authorized as my agent to do everything to protect my share of said assets, as well as your own. It is distinctly agreed that I am to have absolutely no personal responsibility to you or anyone else for costs or expenses of any kind. '' This agreement was not acknowledged as required by section 32-a of the Personal Property Law, and it was not recorded in the office of the Surrogate. If Bakerman were still a member of the bar, he would have violated the Canons of Ethics in soliciting and entering into such a retainer agreement. (Canons of Professional Ethics, canons 10, 27, 28, 42; see, also, canon 13.)

Bakerman now moves to dismiss the proceeding on two grounds: (1) that this court has no jurisdiction over the subject matter of the agreement, and (2) that this court has no jurisdiction over the person of Bakerman. It is urged by him that, since the agreement was neither acknowledged nor recorded as required by statute, it is not an instrument within the purview of section 32-a of the Personal Property Law. '' Absent these requisites, '' it is argued, '' the law is clear that the Surrogate is

without jurisdiction.'' It is further claimed that this is not a case in which the court should intervene on its own motion, and that the jurisdiction of the Surrogate's Court relates only to matters affecting the affairs of decedents and not to matters between living persons such as Bakerman's so-called letter agreement.

It will be helpful to an understanding of Bakerman's agreement if the services which were to be rendered pursuant thereto are set forth. From the testimony the services actually rendered by Bakerman appear with some clarity. He procured the agreements — on his solicitation — from his clients. He obtained the evidence which was necessary to establish in this court that his clients were distributees, obtained the services of an attorney who was to be paid by Bakerman for his legal services in presenting the evidence and performing the incidental legal services necessary to secure a decree determining that Bakerman's clients were entitled to share in the estate, and finally the attorney was to obtain the funds for Bakerman's '' clients '' in accordance with the decree.

It is evident from the testimony adduced on the hearing of May 23, 1966 that the services which Bakerman contracted to perform were essentially legal services; the attorney whom he hired to appear for and represent the distributees was actually his selection and employee. Other than the formal appearance by this attorney on behalf of the persons he represented on the record, all proceedings were under Bakerman's control. In short, the services which Bakerman agreed to perform were essentially legal services properly to be performed by one of his choosing, an attorney admitted to practice; the collateral services of investigation to secure evidence were services which properly should have been performed under the supervision and direction of the attorney for the distributees. It was Bakerman, nevertheless, who undertook the functions of investigator and attorney, hiring, as his agent, an attorney at law to carry out his desires and bidding in the court hearings to determine kinship.

On the evidence now before this court, it cannot be doubted that Bakerman's alter ego is properly before this court; it cannot be doubted that this court has jurisdiction of the subject matter of the proceeding to determine the validity of the retainer agreement under which Bakerman's hired man acted. The court has jurisdiction of the person of Bakerman's agent-attorney who has appeared as attorney at law for the distributees. The court holds that it has jurisdiction over the person of

Bakerman (1) on the ground that it has jurisdiction over the person of his hired man, an attorney, and thus over the person of the alter ego's undisclosed principal, (2) on the further ground that the court has obtained personal jurisdiction by service of process on Bakerman. For the purposes of this motion, the court will disregard Bakerman's unqualified appearance by attorney in this proceeding.

To return to the technical arguments advanced under the provisions of section 32-a of the Personal Property Law, it will be remembered that this statute is remedial in nature. It was designed to place in the Judge of the Surrogate's Court jurisdiction over the subject matter of the instruments enumerated. As a remedial statute it is to be liberally construed. Bakerman's agreement is both a power of attorney and an assignment. In each of those categories it is among the instruments enumerated in the statute coming within the jurisdiction of this court. Bakerman's failure to comply with the formalities of acknowledgment and recording does not change the nature of the instrument. He does not assert that the agreement is void.

The failure — undoubtedly deliberate — of Bakerman as attorney in fact and assignee to comply with the statute by having the instrument acknowledged and recorded does not deprive the court of its subject matter jurisdiction over the instrument. If this were not so, the remedial purposes of the statute could be easily thwarted — as it is now contended that it is thwarted in this case. The recording of the duly acknowledged instrument " shall give jurisdiction over * * * the attorney in fact therein named ". Such recording confers in personam jurisdiction over the attorney in fact whether he be subject to the process of this court or not. This statutory language does not preclude obtaining personal jurisdiction over an attorney in fact who has not recorded the instrument. Bakerman has been served with citation and this court now has unquestionably in personam jurisdiction over him. Moreover, the " only purpose of the statutory provisions is to require the recording [and the concomitant acknowledgment] in order to give notice to subsequent assignees of the interest in the estate. " (*Matter of Bihn,* 171 Misc. 80.)

Bakerman quite properly urges that this court, being statutory, has only such jurisdiction as is conferred by the Constitution or by statute. His argument that this court has no jurisdiction over the affairs of living persons would be well taken in this case if the Legislature had not expressly granted such jurisdiction with regard to the instruments appearing in section

32-a of the Personal Property Law, all of which relate to agreements between living persons. None of them in the true sense affect the affairs of a decedent. The Legislature (N. Y. Const., art. VI, § 12, subd. d; § 30), nonetheless, has in its judgment seen fit to vest Surrogate's Courts with jurisdiction over them.

The court would be remiss if it permitted the clear substance of Bakerman's agreement to be shunted aside by a cleverly planned use or failure to use the words used in the statute — not to mention the adroit failure to have the instrument acknowledged and recorded. The clear purpose of the statute — in fact its very mandate — is to protect those beneficially interested in the estate. The day of the failure to dot an "i" or to cross a "t" to defeat justice is gone.

The motion is denied. Respondent Bakerman may file an answer to the petition within 10 days after service of the order to be made herein.