■ ANGELA M. LUDDY, Appellant-Respondent, v JOHN C. OSBORN et al., Respondents-Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted summary judgment to defendants dismissing plaintiff's first and third causes of action for fraud and negligence. The proof submitted upon the motion shows that the only negligence or fraud alleged or proven consisted of plaintiff's allegation that defendants, her attorneys in a matrimonial action, billed her for their services in an amount in excess of that agreed upon in the retainer agreement. She alleges that the attorneys' billing statements are inaccurate, false, and untrue, and that, relying upon those statements, she paid defendants a sum in excess of the reasonable and

agreed amount of the services. Assuming plaintiff's allegations to be true, the cause of action is based solely upon defendants' failure to bill plaintiff as agreed in the retainer agreement and, thus, fails to state a cause of action for fraud *(see, Garwood v Sheen & Shine,* 175 AD2d 569, 570, *lv denied* 78 NY2d 864). Nor do plaintiff's allegations state a cause of action for negligence. None of plaintiff's allegations pertains to the performance of the legal services undertaken by defendants and, thus, the allegations do not allege a cause of action for malpractice; they pertain solely to the agreement concerning the amount of defendants' fees and not to any duty independent of the agreement. The "simple breach of contract is not to be considered a tort" *(Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389).

The court properly denied defendants' motion to dismiss the cause of action for breach of contract because questions of fact exist concerning the amount of defendants' fees, which must be determined on a quantum meruit basis *(see, Spano v Scott,* 166 AD2d 917, *lv denied* 77 NY2d 801).

The court also properly dismissed defendants' motion for summary judgment for the amount of their attorneys' fees in excess of the amount already paid by plaintiff. As the court noted, the reasonable value of defendants' services is a question of fact. Moreover, defendants' answer does not contain a counterclaim for that relief.

We also agree with Supreme Court that plaintiff is not entitled to punitive damages.

We modify the order, however, by dismissing the contract cause of action as against defendant Laura Taylor because she was an employee and not a partner in the law firm and, thus, she was not responsible for the contractual obligations of the firm. (Appeals from Order of Supreme Court, Monroe County, Parenti, J.—Summary Judgment.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.