■ JACK COLBERT et al., Respondents, v CHARLES HAYDON et al., Appellants. [690 NYS2d 246] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered August 20, 1997, to the extent that it denied defendant Roth's cross motion for summary judgment dismissing the complaint against him, and denied the cross motion by defendants Haydon and Dublirer, Haydon, Straci & Victor for renewal of an earlier order denying them summary judgment, unanimously reversed, on the law, without costs, the cross motions granted, and the complaint dismissed as against all defendants. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

In February 1986, plaintiffs were convicted after trial in New Jersey Superior Court (Essex County) of violations and conspiracy to violate that State's Solid Waste Management Act. Six months later, they were indicted on similar charges in Somerset County. Dismissal of the latter indictment on double jeopardy grounds was later overturned on appeal, after which plaintiffs pleaded guilty to one count of conspiracy. Meanwhile, defendants were hired to represent plaintiffs on the appeal from the Essex County conviction.[1] The appeal was dismissed for failure to prosecute. After three unsuccessful motions by defendants to vacate that dismissal order, plaintiffs brought the instant action for malpractice and professional negligence. The IAS Court found triable issues of fact that precluded summary dismissal of these claims.

In order "[t]o state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense" (*Carmel v Lunney*, 70 NY2d 169, 173). Ever since their conviction in Essex County (where they were *not* represented by defendants), plaintiffs have failed

---

1. Defendant Haydon was also engaged to appeal a Federal conviction, which representation is not at issue herein.

to make even a colorable assertion of such innocence.[2] Indeed, the Somerset indictment repeated some of the Essex County allegations, which went uncontested when plaintiffs entered their guilty plea.

That such a rule should be applied where the alleged malpractice is the failure to prosecute a criminal appeal was hinted at in *Carmel*, where the Court of Appeals alluded to the extra constitutional and procedural safeguards inherent in criminal proceedings. Here, those additional safeguards included the successive unsuccessful motions before the New Jersey Appellate Division to vacate the dismissal and reinstate the appeal. Concur—Tom, J. P., Wallach, Lerner and Rubin, JJ.

---

2. Not until their sur-reply to the latest cross motions did plaintiffs finally assert their innocence, in conclusory fashion.