■ ERNEST HENRY, Respondent, v PAUL S. BRENNER, Defendant, and J. JEFFREY WEISENFELD, Appellant. [706 NYS2d 465] —In an action, *inter alia*, to recover damages for legal malpractice, the defendant J. Jeffrey Weisenfeld appeals from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered March 17, 1999, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified by deleting the provision thereof denying the motion in its entirety and substituting therefor a provision granting the motion dismissing the complaint insofar as asserted against the defendant J. Jeffrey Weisenfeld except for that portion of the complaint which sought to recover the unearned portion of a retainer fee; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, an inmate incarcerated for murder, signed a retainer agreement in which the defendant Paul S. Brenner, with the aid of the defendant J. Jeffrey Weisenfeld, agreed to prosecute postjudgment proceedings in State court and bring a writ of habeas corpus in Federal court for a fee of $15,000. After his application for a writ of error coram nobis was denied (*see, People v Henry,* 221 AD2d 469), and before the filing of the Federal writ, the plaintiff terminated the retainer agreement and sought the return of a portion of the $15,000 fee. Weisenfeld submitted a letter to the plaintiff itemizing the hours he spent on the matter, which, when multiplied by his hourly rate, exceeded the fee. The plaintiff then commenced this action to recover damages based on malpractice, breach of contract, and Judiciary Law § 487 (1).

Weisenfeld moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court erred in denying his motion in its entirety. The plaintiff was precluded from maintaining a legal malpractice cause of action based on Weisenfeld's representation of him in the criminal proceeding since the plaintiff neither alleged his innocence nor made a colorable claim of innocence of the underlying offense (*see, Carmel v Lunney,* 70 NY2d 169; *Colbert v Haydon,* 261 AD2d 276; *Gill v Blau,* 234 AD2d 506).

The plaintiff's cause of action for treble damages pursuant to

Judiciary Law § 487 (1), which was based on Weisenfeld's allegedly false time records, should have been dismissed. Assuming that the plaintiff could establish that the records were false and that he was deceived by them (*see, Manna v Ades,* 237 AD2d 264), the statute only applies to wrongful conduct by an attorney in a suit actually pending. Here, Weisenfeld presented the itemized statement to the plaintiff when there was no longer a judicial proceeding pending (*see, Stanski v Ezersky,* 228 AD2d 311; *Gelmin v Quicke,* 224 AD2d 481).

Most of the plaintiff's allegations in support of his breach of contract cause of action are belied by the record or are duplicative of the malpractice cause of action. However, the plaintiff's motion papers establish that he has a breach of contract claim insofar as he seeks to recover a portion of the retainer fee. It is undisputed that the defendants were discharged before the filing of the Federal writ of habeas corpus, which was one of the services to be performed under the retainer agreement. Assuming that the defendants were discharged without cause, they were entitled to recover in quantum meruit for the services rendered (*see, Jacobson v Sassower,* 66 NY2d 991, 993; *Teichner v W & J Holsteins,* 64 NY2d 977; *Atkins & O'Brien v ISS Intl. Serv. Sys.,* 252 AD2d 446; *Hom v Hom,* 210 AD2d 296). Weisenfeld failed to establish as a matter of law that the fair and reasonable value of the services he rendered prior to termination of the retainer agreement exceeded the $15,000 fee. Accordingly, the plaintiff's complaint is dismissed insofar as asserted against Weisenfeld except to the extent that he seeks to recover any unearned portion of the retainer fee (*see, Luddy v Osborn,* 186 AD2d 1069). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.