■ In the Matter of the Estate of JOHN H. BETLEM, Deceased. KENNETH J. BETLEM, Respondent; HARVEY E. MORSE, P.A., Appellant. [753 NYS2d 632] —Appeal from a decree (denominated order) of Surrogate's Court, Monroe County (Calvaruso, S.), entered February 26, 2002, which, inter alia, determined that petitioner's assignment to respondent of 40% of petitioner's rights in the estate of John H. Betlem was ineffective.

It is hereby ordered that the decree so appealed from be and the same hereby is unanimously modified on the law by striking the third, fourth and fifth decretal paragraphs and as modified the decree is affirmed without costs and the matter is remitted to Surrogate's Court, Monroe County, for further proceedings in accordance with the following memorandum: Respondent appeals from a decree that, inter alia, determined that petitioner's assignment to respondent of 40% of petitioner's rights in the estate of petitioner's father was ineffective. Respondent contends that Surrogate's Court does not have jurisdiction over this matter because the forum selection clause in the parties' agreement providing for the assignment is valid and enforceable and specifies that exclusive jurisdiction shall be in a certain county in Florida. We agree with the court that the forum selection clause in the parties' agreement is unenforceable. That clause provides: "If litigation is required to enforce or interpret this agreement, exclusive personal jurisdiction and venue shall be in Volusia County, Florida, and you [i.e., petitioner] waive any objection to venue or jurisdiction or that this is an inconvenient court." As the United States Supreme Court has written, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision" (M/S Bremen v Zapata Off-Shore Co., 407 US 1, 15; cf. Seneca v Seneca, 293 AD2d 56, 59-60; Price v Brown Group, 206 AD2d 195, 198).

We conclude that EPTL 13-2.3 bars the enforcement of the forum selection clause at issue here. That statute subjects to

the scrutiny of a surrogate's court every assignment of an interest in the estate of a New York domiciliary (*see* 13-2.3 [b] [2], [3]). As stated by Surrogate's Court herein, the statute was enacted to protect out-of-state beneficiaries of New York estates, such as petitioner, from those who seek an assignment of a portion of the inheritance of such beneficiaries in exchange for services that are often of little value (*see generally Matter of Devlin*, 182 AD2d 322, 326-327; *Matter of Bargel*, 5 Misc 2d 657, 659, *affd* 7 AD2d 645, *lv denied* 5 NY2d 710 [under Personal Property Law former § 32-a, now EPTL 13-2.3]). The statute thus embodies a strong public policy to ensure that a New York court has subject matter jurisdiction over the assignment of an interest in the estate of a New York domiciliary (*see Devlin*,182 AD2d at 326-327).

Turning to the merits, we further conclude that the purported assignment is ineffective. EPTL 13-2.3 (a) provides in part: "[e]very power of attorney relating to an interest in a decedent's estate and every * * * assignment of an interest in an estate * * * [that] contains an express * * * authorization or delegation of power to act thereunder shall be in writing and acknowledged or proved in the manner prescribed by the laws of this state for the recording of a conveyance of real property and, subject to the rules * * * of the surrogate * * *, shall be recorded in the office of the surrogate granting letters on such decedent's estate * * *. Such recording confers on the surrogate jurisdiction over the grantor of such power of attorney, the attorney in fact therein named and any other person acting thereunder. No attorney in fact named in any power of attorney or in such other instrument nor any person acting thereunder shall perform any act under such instrument unless it has been duly recorded."

Here, the parties' agreement does not comply with EPTL 13-2.3 (a) inasmuch as it was not acknowledged or proved in the manner required for a conveyance of real property (*see* Real Property Law §§ 303, 304), nor was it recorded. Thus, the agreement is invalid to operate as an assignment and no part of the agreement may be enforced.

We further conclude, however, that the court erred in determining the amount of fees to which respondent is entitled on a quantum meruit basis without first permitting respondent to answer the petition and to submit evidence concerning his services. Although SCPA 2112 (1) permits the court "to fix and determine the compensation * * * of a person acting under a power of attorney or other instrument described in EPTL 13-2.3 for services rendered to his principal," such determination

must be made on notice to respondent (*see Matter of Garrity*, 164 Misc 910, 911 [under former Surrogate's Ct Act § 231-b, now SCPA 2112]; *see generally Luddy v Osborn*, 186 AD2d 1069, 1070; *Devlin*, 182 AD2d at 328-330).

We therefore modify the decree by striking the third, fourth and fifth decretal paragraphs, and we remit the matter to Surrogate's Court, Monroe County, for further proceedings in accordance with our decision herein. Present—Pigott, Jr., P.J., Green, Pine, Hayes and Gorski, JJ.