[891 NYS2d 870]

In the Matter of the Estate of Richard M. Kelley, Deceased.

Surrogate's Court, Westchester County, November 18, 2009

APPEARANCES OF COUNSEL

*National Finder's Service, Inc.*, New York City.

## OPINION OF THE COURT

ANTHONY A. SCARPINO, JR., S.

Pursuant to EPTL 13-2.3, National Finder's Service, Inc. (NFS) seeks to record with the court a "Finder's Authorization and Fee Agreement" (the agreement).

The agreement is between Gila Goldsmith, a representative of NFS, and Joyce Simpson, the executor of the estate of Richard M. Kelley (decedent). It provides for NFS to act as the executor's agent for the collection of funds held in decedent's name with the Office of the New York State Comptroller (Comptroller). Ms. Goldsmith represents that her office was directed by the Comptroller to record the agreement in accordance with EPTL 13-2.3 and Abandoned Property Law § 1416.

EPTL 13-2.3 (a) mandates that every power of attorney (POA) or assignment relating to an interest in a decedent's estate which provides for the delegation of a power to act thereunder be in writing and acknowledged in the same manner as a deed, and recorded in the Surrogate's Court. The recording confers upon the Surrogate jurisdiction over the grantor of the power, the attorney-in-fact and any other person acting thereunder. Under this section, an attorney-in-fact is prohibited from performing any act under such instrument which has not been duly recorded.

Under subdivision (b) of section 13-2.3, the Surrogate has complete authority to prescribe rules, inquire into and determine the validity of a POA, assignment, or similar instrument (*see Matter of Betlem*, 300 AD2d 1026 [2002]). Pursuant to the Uniform Rules for the Surrogate's Court, additional information is required to be filed with a POA or assignment (*see* 22 NYCRR 207.47 for filing an assignment and 22 NYCRR 207.48 for filing a POA). As a preliminary matter, this court must determine the nature of the agreement denominated as a "Finder's Authorization and Fee Agreement."

The agreement authorizes NFS to act as Ms. Simpson's "agent" in locating and claiming funds held by the Comptroller. NFS is to be compensated in the amount of 15% of the gross value of the funds recovered together with additional fees which include, but are not limited to, court filing fees, publication or bonding fees and reasonable attorney's fees. The agreement fur-

ther provides that Ms. Simpson will be the named payee for all funds recovered. Ms. Simpson signed and acknowledged the agreement on September 10, 2009 and it is signed, but not acknowledged, by Ms. Goldsmith on September 16, 2009.

A POA is defined under subdivision (10) of section 5-1501 of the General Obligations Law as "a written document by which a principal with capacity designates an agent to act on his or her behalf." Under the agreement, Ms. Simpson clearly designates NFS to act on her behalf to marshal estate funds held by the Comptroller. Accordingly, the court finds that the agreement is a POA. The executor was authorized to designate an agent to collect an estate asset (see Matter of Bruno, NYLJ, Jan. 26, 2004, at 27, col 3).

Having determined that the instrument is a POA, the court must inquire whether the parties have complied with section 207.48 of the Uniform Rules for the Surrogate's Court, which provides that no POA shall be filed unless it is satisfactory to the court as to form, content and manner of execution. The person filing the instrument must also file an affidavit of the attorney-in-fact stating the circumstances under which it was procured, the name and address of the grantor, the amount of the grantor's interest and relationship, if any, to the decedent, and setting forth the exact terms of any compensation.

Additionally, in reviewing the POA the court must determine whether it complies with the statutory requirements for the creation of a valid POA. A POA executed after September 1, 2009 must be signed, dated and acknowledged by the agent (General Obligations Law § 5-1501B [1] [c]). Here, the POA does not comply with the General Obligations Law as it is signed by the agent but not acknowledged. Moreover, the POA does not contain the caution language and important information for the agent now required by statute (General Obligations Law § 5-1501B [1] [d] [1], [2]). Furthermore, the POA provides for a fee to NFS in excess of that allowed under Abandoned Property Law § 1416, which limits fees to 15% inclusive of expenses and attorney's fees (Greenpoint Bank v Criscione, 23 Misc 3d 1106[A], 2009 NY Slip Op 50604[U] [2009]).

Based upon the foregoing, the request to record the POA between NFS and Ms. Simpson is denied. Where a party seeks to record a POA related to a finder's fee, this court requires compliance with 22 NYCRR 207.48. And, in those cases where the fee relates to the collection of assets held with the Comptroller the

underlying agreement shall comply with Abandoned Property Law § 1416 (*Matter of Rollins*, — Misc 3d —, 2009 NY Slip Op 29430 [2009]; *Greenpoint Bank v Criscione*).