William T. Cowin, J.
In this action, the plaintiff, a discharged employee sues his employers and representatives for alleged defamatory remarks made at a conference held pursuant to the collective bargaining agreement between the employers and his union. The defendants move for summary judgment under CPLR 3212.
The plaintiff was a member of International Union of Operating Engineers. The agreement between said union and the Meadow Gold Corp. provides in paragraph 13 as follows:
“ That any employee having a grievance shall have certain privileges — among these are:
“ If a satisfactory agreement cannot be reached between the parties either party may have the privilege of requesting arbitration before an arbitrator to be selected from a panel to be submitted by the New York Board of Mediation.
“ However, before any arbitration is requested, the union and employer shall first try to adjust the matters between themselves.”
The only parties present at the conference were the plaintiff, his union .representative, the president of Meadow Gold, who is also an officer of Beatrice Foods; two other officers of Meadow Gold; and the attorney for the employer. All were there in the common interest of considering and, if possible, adjusting the labor dispute or grievance.
At said conference, the plaintiff claims that the defendant, Holmes, stated ‘1 Bird has been stealing from the Meadow Gold Company and we have positive proof. ’ ’ He also states that the defendant, Reier, falsely and maliciously slandered him in the following words: ‘ ‘ I will turn over the information I have about the B & R ice cream sale to the District Attorney and have Bird arrested this afternoon for larceny. However, if Bird makes full restitution and hands in his resignation immediately, my clients would drop the whole matter.”
The matter was not settled at the conference.
The plaintiff having been denied reinstatement, the matter was referred to Herman A. Gray, designated as arbitrator by the New York State Board of Mediation, as provided in the contract.
A hearing was held before the arbitrator on July 29, 1966. The employer submitted written and oral proof as to the discharge and of a misappropriation by the employee. The employee gave testimony as to the discharge but remained silent with respect to the alleged misappropriation.
The arbitrator, after hearing the testimony, made the following award on August 8, 1966:
*214 “ 1) That the employer had good cause for discharging Donald Bird and that such discharge should be and it is sustained.
“2) Donald Bird having misappropriated money belonging to the employer became active in actions thereto which can only be explained reasonably as being devious and improper in purpose, the application made to reduce the penalty of discharge and to order his reinstatement should be and the same is denied. ’ ’
No motion was made by plaintiff to set aside the arbitration award on any of the many grounds provided therefor in CPLR 7511, in general, and paragraph 2 of subdivision (c) thereof in particular: ‘ ‘ The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted ”.
The award then came on for confirmation before Mr. Justice Bbust in Supreme Court, New York County, on notice to the plaintiff, who appeared by counsel, and the learned Justice granted the motion confirming the award in all respects. No appeal was taken from the order of Mr. Justice Bbust.
To determine whether triable issues exist, the court has reviewed all of the documents submitted on the motions for summary judgment, including the complaint, the answers, collective bargaining agreement, the arbitrator’s award and the order confirming it, as well as the memoranda of counsel. (Hamilton Print. Co. v. Payne, 26 A D 2d 876; 1136 Tenants’ Corp. v. Rothenberg & Co., 27 A D 2d 830, affd. 21 N Y 2d 995.)
The defamatory words having allegedly been uttered at a conference, initiated pursuant to a bargaining agreement, the court has made reference to both section 171 of title 29 of the United States Code, (Conciliation of Labor Disputes, effective June 23, 1947) and section 751 of the New York State Labor Law, effective June 1, 1968, derived from former section 750 (L. 1937, ch. 594) both dealing with public policy as to labor disputes to discover if the participants are protected by privilege, and if so whether the privilege is absolute or qualified.
Examination reveals that each of these statutes declares the public policy in its jurisdiction, in substantially the same language, i.e., that the best interests of the people are served by settlement of .issues in labor disputes through the processes of conference, with the parties and their representatives participating.
United States courts are governed by Erie R. R. Co. v. Tompkins (304 U. S. 64, 78) where the United States Supreme Court stated, ‘ ‘ Except in matters governed by the Federal Con *215 stitution or by Acts of Congress, the law to be applied in any case is the law of the State.” Apparently there are no express provisions of Acts of Congress specifically governing defamation actions arising from .statements made during the course of a labor grievance proceeding, nor prohibiting a State court from applying its own laws, where not inconsistent with national labor policies.
In a similar slander action (General Motors Corp. v. Mendicki, 367 F. 2d 66, 71) which originated in a labor dispute, the court stated: “We think Congress intended that the respective representatives of employer and employee at such conference and bargaining sessions should feel free to express their respective contentions as to pertinent facts and the issues involved fully and frankly and to strongly support their positions with respect to the controversy * * * 1 untrammeled by fear of retribution. ’ * * * Moreover, such actions * *' * would tend to impair the chance for peaceful settlement of labor controversies ”, and held the statements to be unqualifiedly privileged. (See, also, Corbin v. Washington Fire & Mar. Ins. Co., 278 F. Supp. 393, affd. 398 F. 2d 543.)
In contrast, State courts have accorded only qualified privilege to statements made during grievance proceedings, under the Railway Labor Act, as amended (U. S. Code, tit. 45, §§ 151-158). (See Henthorn v. Western Md. Ry. Co., 226 Md. 499; Jorgensen v. Pennsylvania R. R. Co., 25 N. J. 541.)
New York courts have shown a tendency to restrict the extension of the doctrine of absolute privilege, limiting that rule to judicial or quasi-judicial proceedings (Andrews v. Gardiner, 224 N. Y. 440; and Pecue v. West, 233 N. Y. 316); (see, also, 2 N Y P J I 722-727 for a discussion of absolute privilege, and the cases therein cited).
In a recent decision, Stillman v. Ford (22 N Y 2d 48, 53) the New York Court of Appeals in affirming an order granting, summary judgment in a slander action, held that the allegedly defamatory words between, and among deeply interested parties were qualifiedly privileged, but stated “ as long as the statements were motivated not by ill will or personal spite but by a sincerely held desire to protect the institution, they are not actionable
Present at the conference in the instant case, were only those persons having a deep interest in adjusting the labor dispute or grievance. In addition the arbitrator’s award indicated that the statements claimed to be defamatory, were germane to the issues of plaintiff’s reinstatement, and that said statements were not inspired by malice, ill will or spite, but by a sincerely held *216 opinion of the employer and its representatives. Therefore, the privilege to be accorded is qualified, and the words not being malicious, spiteful nor inspired by ill will, they are not actionable (see Stillman v. Ford, supra). Summary judgment could be granted on this ground alone.
However, another cogent reason exists for granting summary judgment viz. “ collateral estoppel”. Plaintiff here, is the party against whom this plea is raised. He had full opportunity to litigate the issue of his responsibility. (Horowitz v. Alley Pond Park Apts. No. 1, 205 N. Y. S. 2d 554, affd. 14 A D 2d 816 ; Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305, 312.) He also had opportunity at the arbitrator’s hearing, to prove his freedom from culpability, far the alleged misappropriation. However, he chose not only to refrain from meeting the challenge to his honesty by his silence, but also failed to move to set aside the arbitrator’s award, or to appeal from the order confirming it. Collateral estoppel, essentially a rule of justice and fairness, requires that issues once tried should not be relitigated between the .same parties. (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595.)
The doctrines of res judicata and collateral estoppel apply to arbitration awards. (Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App. Div. 196, affd. without opn. 300 N. Y. 586; see, also, Kavanaugh v. Piel Bros. N. Y. L. J., Dec. 1, 1965, p. 19, col. 5 [Margett, J.].) Therefore the arbitrator’s award and the judgment confirming it, stand as a bar to the plaintiff’s causes of action. The motions for summary judgment are granted.