■ ALBERT LUPPO, Respondent, v WALDBAUM, INC., et al., Appellants.—In an action to recover damages for false imprisonment and malicious prosecution, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), dated December 17, 1985, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the motion is granted.

The plaintiff was employed as a tractor trailer driver by Charro Trucking Corp., a wholly owned subsidiary of the defendant Waldbaum, Inc. (hereinafter Waldbaum). On July 2, 1984, while the plaintiff was in a Waldbaum store in Yonkers, New York, he was accused by Waldbaum of attempting to steal one package of men's tee shirts priced at $6.99. As a result of this incident, the plaintiff was discharged from his employment and arrested by the Yonkers police and charged with petit larceny. A jury trial was held in November 1984, and resulted in a verdict of acquittal.

In May 1985, the issue of whether the plaintiff had been wrongfully discharged from his employment was submitted to arbitration by his union. A hearing was held on May 14, 1985, before an experienced arbitrator in the field of labor relations, and both the employer and the union were represented by counsel. The plaintiff testified in his own behalf, and several security and management-level store employees testified on behalf of Waldbaum.

On May 29, 1985, at the conclusion of the hearing, the arbitrator rendered an award in favor of Waldbaum, stating, in pertinent part:

"The parties were permitted to conduct direct and cross-examination of all witnesses, they were permitted to introduce whatever relevant evidence they saw fit, and they were otherwise granted all rights usually permitted in matters of this type * * *

"The key question here, as both parties do admit, is one of credibility * * *

"Concededly, the testimony of the Company witnesses have *[sic]* certain discrepancies. However, on major points they are consonant. There is also the strong indication attesting to the worthiness of the Company witnesses' evidence, that they have no reason to falsify * * * In fact, there was no conceivable reason why the Company witnesses could have or would have concocted the testimony offered at the hearing regarding the involvement of grievant in the misconduct alleged. Ms. L. testified she saw grievant ripping the package of tee shirts. There was no earthly reason why she should make up such a story. Mr. T. testified that he went to grievant's truck, knocked at the window, and asked grievant to see the receipt again, and at that point grievant said he had no receipt and had not paid for the tee shirts. There was no conceivable reason for Mr. T. to make up such a story. Both the Store Manager and the Company Security person testified that grievant in effect admitted his guilt * * *

"I appraised grievant's testimony, and the other witnesses as well, by the standards most of us use when determining who is worthy of belief. By this I mean I watched the witnesses carefully, I studied their demeanor, I considered the inherent consistency of their testimony, their interest in the outcome of the case, and in general all of those standards we all use when deciding whom to believe and whom not to believe".

In January 1985, after his acquittal and prior to the arbitration hearing, the plaintiff commenced the instant action asserting causes of action for false imprisonment and malicious prosecution. The defendants' answer contained several affirmative defenses including, *inter alia,* the existence of probable cause, and justification under General Business Law § 218. After joinder of issue and the rendering of the arbitrator's award, the defendants moved in July 1985 for an order granting them (1) leave to interpose the affirmative defense of

collateral estoppel, by virtue of the arbitration award dated May 29, 1985, and (2) summary judgment dismissing the complaint on that ground.

On December 17, 1985, the Supreme Court, Suffolk County, granted the defendants' motion solely to the extent of permitting amendment of their answer to add the affirmative defense of collateral estoppel. However, the court denied that branch of the defendants' motion which sought summary judgment dismissing the complaint, stating:

"The plaintiff was arrested in Yonkers, New York for the alleged theft of tee-shirts worth approximately $6.99 from his employer. Plaintiff was found not guilty of the charge of petit larceny on November 21, 1984. On May 29, 1985, an arbitrator held that the plaintiff was discharged by his employer for just cause.

"While this award collaterally estops the plaintiff from alleging that his discharge from employment was without cause, it does not finally resolve the issues raised by plaintiff's complaint."

It is well settled that the doctrines of res judicata and collateral estoppel apply to arbitration awards with the same force and effect as they apply to judgments of courts *(Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.],* 43 NY2d 184, 191; *Rembrandt Indus. v Hodges Intl.,* 38 NY2d 502; *Clemens v Apple,* 65 NY2d 746). It is equally well settled that the "burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in prior action or proceeding" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 501).

Clearly, one of the issues litigated in the prior arbitration proceeding was whether Waldbaum had probable cause to believe that the plaintiff attempted to steal merchandise from its store. In specifically accepting the testimony of Waldbaum's witnesses, the arbitrator necessarily found, based on the credible evidence, that Waldbaum did have probable cause to believe that the plaintiff attempted to steal merchandise. That determination is conclusive between the parties to this action who appeared at the arbitration hearing *(Ryan v New York Tel. Co., supra).* Additionally, the record shows that the plaintiff had "a full and fair opportunity" at the prior arbitration hearing "to litigate the question" of probable cause and the plaintiff has "failed to demonstrate otherwise" *(Ryan v New*

*York Tel. Co., supra,* at 503). Since "the absence of probable cause for the criminal proceeding" is an essential element of the tort of malicious prosecution *(Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929), it is clear that the arbitration award herein mandates the granting of summary judgment to the defendants regarding the plaintiff's cause of action for malicious prosecution *(see also, Bird v Meadow Gold Prods. Corp.,* 60 Misc 2d 212).

With respect to the plaintiff's cause of action to recover damages for false imprisonment, it is true that "want of probable cause" is not an essential element of such an action and need not be alleged by a plaintiff *(Broughton v State of New York, supra,* at 457). Indeed, the burden rests upon the defendant in a false imprisonment action to plead and prove legal justification as an affirmative defense. However, justification may be established by showing that the arrest or imprisonment "was based on probable cause" *(Broughton v State of New York, supra,* at 458). Accordingly, the common-law defense of justification to the false imprisonment cause of action was established in the case at bar as a matter of law, by virtue of the prior arbitration award and the collateral estoppel effect thereof *(see, Ryan v New York Tel Co., supra; Bird v Meadow Gold Prods. Corp., supra).*

It is true that Waldbaum, as a "retail mercantile establishment", had the additional burden, pursuant to General Business Law § 218, of proving that the plaintiff was "detained in a reasonable manner and for not more than a reasonable time". However, an examination of the transcript of the plaintiff's criminal trial, including the plaintiff's own testimony, which was submitted in support of the defendants' motion for summary judgment, demonstrates that the manner and length of the plaintiff's detention prior to the arrival of the police *(see, Jacques v Sears, Roebuck & Co.,* 30 NY2d 466, 475) were reasonable as a matter of law. Under these circumstances, the plaintiff's conclusory opposing affidavit was insufficient to create a material issue of fact, and summary judgment should have been granted to the defendants dismissing the complaint *(see, Zuckerman v City of New York,* 49 NY2d 557). Mangano, J. P., Bracken, Lawrence and Kooper, JJ., concur.