■ JUAN MUZA, Respondent, v NIKETOWN NEW YORK, Appellant, et al., Defendant. [717 NYS2d 142] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about January 14, 2000, which, to the extent appealed from, denied defendant Niketown New York's motion for summary judgment dismissing the complaint insofar as such motion sought dismissal of plaintiff's false arrest, unlawful detention and assault causes of action, unanimously affirmed, without costs.

In this action, where plaintiff, a correction officer, was detained at Niketown and subsequently arrested for making purchases of clothing with purportedly fraudulent credit cards,

summary judgment was properly denied. While, contrary to the view of the motion court, the defense set forth (General Business Law § 218) may be available to Niketown under the instant circumstances (*see, Wolin v Abraham & Straus*, 64 Misc 2d 982), there exist factual questions upon which Niketown's invocation of the defense, i.e., whether plaintiff's detention was conducted in a reasonable manner and for a reasonable duration of time, remains unresolved (*cf., Luppo v Waldbaum, Inc.*, 131 AD2d 443), and may not be resolved in the context of adjudicating a motion for summary judgment.

Plaintiff was not collaterally estopped from litigating his causes for false arrest, unlawful detention and assault. Although an Administrative Law Judge, when recommending plaintiff's dismissal from the Department of Correction, determined that there was a preponderance of the evidence that plaintiff unlawfully possessed two credit cards at Niketown, that determination did not address, much less resolve, the presently relevant questions respecting the manner and duration of plaintiff's detention by Niketown (*cf., Ryan v New York Tel. Co.*, 62 NY2d 494). Concur—Nardelli, J. P., Tom, Wallach, Andrias and Saxe, JJ.