■ In the Matter of IRVING SCHACHTER, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent. [787 NYS2d 893]—

In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York Division of Housing and Community Renewal, Office of Rent Administration, dated January 25, 2002, which affirmed an order of the Rent Administrator and denied the petition for administrative review, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Thomas, J.), dated September 4, 2002, which denied his motion to enter judgment upon the default of the State of New York Division of Housing and Community Renewal, Office of Rent Administration, and (2) a judgment of the same court dated February 10, 2003, which denied the petition and dismissed the proceeding.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal taken from the intermediate order must be dismissed because an order made in a CPLR article 78 proceeding is not appealable as of right (*see* CPLR 5701 [b] [1], and, in any event, the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The tenant association of which the petitioner was a member (hereinafter the association) previously commenced a proceeding pursuant to CPLR article 78 to review the respondent's determination dated August 10, 1995, upholding the validity of certain rent increases in 1991 and 1992 for major capital improvements (hereinafter the MCI rent increases). By judgment of the Supreme Court, Queens County, dated May 6, 1996, that proceeding was dismissed upon a finding that the respondent's determination was not irrational or unreasonable, and was supported by substantial evidence. By order dated April 17, 2000, the Housing Court, Queens County, in a nonpayment proceeding commenced against the petitioner, determined that he was bound by a stipulation of settlement dated May 30, 1996, entered into by the association regarding the collection of the MCI rent increases. The petitioner then filed a rent overcharge complaint with the respondent in October 2000, and by order dated June 21, 2001, the rent administrator, in effect, dismissed the complaint. Thereafter, the petitioner filed a petition with the respondent to review the dismissal of his rent overcharge complaint. On January 25, 2002, the respondent affirmed the order of the rent administrator and denied the petition, finding that the Housing Court previously decided the issue on the merits. The petitioner then commenced this proceeding to review that determination.

The Supreme Court properly determined that the issues raised in this proceeding were litigated in prior proceedings, and were barred by the doctrines of res judicata and collateral estoppel (*see Capital Tel. Co. v Pattersonville Tel. Co.,* 56 NY2d 11, 17 [1982]; *Gramatan Home Inv. Corp. v Lopez,* 46 NY2d 481, 485 [1979]; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 70-71 [1969]). Therefore, the Supreme Court properly denied the petition and dismissed the proceeding.

Further, the Supreme Court properly denied the petitioner's motion to enter judgment upon the respondent's default, since the respondent filed its answer to the petition by the scheduled return date and the court accepted its papers.

The petitioner's remaining contentions either are not properly

before this Court or without merit. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.