■ CHARLES TAWIL et al., Appellants, v MAX WASSER, Respondent, et al., Defendants. [801 NYS2d 619]—

In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated March 26, 2004, as granted the cross motion of the defendant Max Wasser for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Max Wasser, an attorney, demonstrated, prima facie, that he was not retained by and did not otherwise represent either of the plaintiffs in connection with the real property transfer which the plaintiffs alleged was contemplated as partial payment of certain loans made to the defendant Ginette Tawil, sued herein as Jeanette Tawil. In response, the plaintiffs failed to raise a triable issue of fact relating to their claims predicated on legal malpractice, the first and second causes of action in the complaint dated May 13, 2002 (*see DeFalco v Cutaia,* 236 AD2d 358 [1997]; *Council Commerce Corp. v Schwartz, Sachs & Kamhi,* 144 AD2d 422 [1988]; *Volpe v Canfield,* 237 AD2d 282 [1997]).

Wasser also demonstrated his entitlement to judgment as a matter of law as to the plaintiffs' third purported cause of action, in which the plaintiffs combined allegations of "false misrepresentations" and breach of fiduciary duty. The plaintiffs failed to raise a triable issue of fact on that cause of action (*see Sheridan v Bieniewicz,* 7 AD3d 508 [2004]; *Rovello v Klein,* 304

AD2d 638 [2003]; *O'Connor v Dime Sav. Bank of N.Y.,* 265 AD2d 313 [1999]; *DeFalco v Cutaia, supra; Grassi v Tatavito Homes,* 90 AD2d 479 [1982]; *Estate of Ginor v Landsberg,* 960 F Supp 661 [1996], *affd* 159 F3d 1346 [1998]). Wasser further demonstrated his entitlement to judgment as a matter of law as to the plaintiffs' fourth cause of action predicated upon Judiciary Law § 487, by establishing that there was no evidence of his intent "to deceive, or a chronic extreme pattern of legal delinquency that proximately caused the [plaintiffs'] alleged damages" (*Knecht v Tusa,* 15 AD3d 626, 627 [2005] [internal quotation marks omitted]; *see O'Connor v Dime Sav. Bank of N.Y., supra*). In opposition, the plaintiffs failed to raise a triable issue of fact as to this cause of action (*see Knecht v Tusa, supra; O'Connor v Dime Sav. Bank of N.Y., supra*). In any event, as this "statute only applies to wrongful conduct by an attorney in a suit actually pending" (*Henry v Brenner,* 271 AD2d 647, 648 [2000]; *see Manna v Ades,* 237 AD2d 264 [1997]), it is inapplicable to the facts as asserted by the plaintiffs. Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.