In the Matter of MALCOLM E. KAFKA, Appellant, v MEAD-OWLARK GARDENS OWNERS, INC., Respondent. [826 NYS2d 83]—

In a proceeding, inter alia, pursuant to Lien Law § 201-a to cancel a lien against the petitioner's shares of the respondent's cooperative corporation and to enjoin the sale thereof, the petitioner appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated August 8, 2005, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the petition. The petitioner's argument that the 2004 stipulation of settlement entered into by the parties in a prior summary proceeding in the Civil Court of the City of New York, Queens County, Housing Part, should be vacated because at the time of its entry, the petitioner was not represented by an attorney and it was patently unfair to him, is not properly before this Court as it is raised for the first time on appeal (*see Zafran v Zafran,* 28 AD3d 752 [2006]). Additionally, contrary to the petitioner's contention, his shares in the respondent corporation were not being sold by the respondent pursuant to the Lien Law. Rather, the shares were noticed for sale pursuant to the terms of the proprietary lease following the lawful eviction of the petitioner from the subject apartment. Consequently, the petition failed to state a cause of action under Lien Law § 201-a and was properly denied.

Moreover, the petitioner's attempt to argue in this proceeding

that he still had a right to sell the apartment at a private sale because of some defect in the underlying eviction proceeding or its stipulation of settlement is barred by the doctrine of res judicata. "The doctrine of res judicata 'operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding' " (*Luscher v Arrua,* 21 AD3d 1005, 1006-1007 [2005], quoting *Koether v Generalow,* 213 AD2d 379, 380 [1995]). The prior Housing Court orders leaving the judgment of possession and warrant of eviction intact are conclusive on all of the issues raised in the petition herein and are entitled to res judicata effect (*see Matter of Schachter v State of N.Y. Div. of Hous. & Community Renewal, Office of Rent Admin.,* 14 AD3d 615, 616 [2005]). Accordingly, the petitioner's lease was properly terminated by the respondent, allowing the sale of his shares, and the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.