■ DAVID J. MAHLER, Appellant, v THOMAS K. CAMPAGNA et al., Respondents. [876 NYS2d 143]—

In an action, inter alia, to recover the overpayment of legal fees and damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered August 10, 2007, as, in effect, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) to dismiss the second,

third, fourth, fifth, and sixth causes of action as barred by arbitration and award and by the doctrines of res judicata and collateral estoppel, and for summary judgment dismissing those causes of action.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) to dismiss the third cause of action to recover damages for legal malpractice and for summary judgment dismissing that cause of action and substituting therefor provisions denying those branches of the motion and (2) by deleting the provisions thereof granting those branches of the defendants' motion which were for summary judgment dismissing the second, fourth, fifth, and sixth causes of action and substituting therefor provisions denying those branches of the motion as academic; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff retained the defendant attorney Thomas K. Campagna on January 16, 2003, to represent him in a matrimonial action. The matrimonial action was settled by stipulation dated April 2, 2005. Subsequently, the plaintiff filed a grievance against Campagna with the Grievance Committee for the Tenth Judicial District, seeking, among other things, "fee arbitration." An arbitration hearing was held and, in an arbitration award dated April 24, 2006, the arbitrators determined that the amount in dispute was $34,500, and awarded the plaintiff a refund from Campagna in the sum of $1,625. The plaintiff thereafter commenced this action on March 8, 2007, against Campagna and his professional corporation, Thomas K. Campagna, P.C., to recover an alleged overpayment of legal fees, and to recover damages for breach of fiduciary duty, legal malpractice, breach of contract, fraud, and violation of Judiciary Law § 487.

The defendants moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by arbitration and award and by the doctrines of res judicata and collateral estoppel, and pursuant to CPLR 3211 (a) (7) to dismiss the second, fourth, fifth, and sixth causes of action for failure to state a cause of action. The defendants simultaneously moved, pursuant to CPLR 3211 (c), to convert the motion to dismiss the complaint into a motion for summary judgment dismissing the complaint, if the court deemed conversion to be appropriate. In an order entered August 10, 2007, the Supreme Court, in effect, granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and for summary judgment dismissing the complaint. We modify.

The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding (*see Matter of Kafka v Meadowlark Gardens Owners, Inc.,* 34 AD3d 676, 677 [2006]; *Luscher v Arrua,* 21 AD3d 1005, 1007 [2005]). The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling (*see Tydings v Greenfield, Stein & Senior, LLP,* 11 NY3d 195, 199 [2008]; *Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *York v Landa,* 57 AD3d 980 [2008]). The party seeking the benefit of the doctrine of collateral estoppel must establish that the identical issue was necessarily decided in the prior action and is determinative in the present action (*see Buechel v Bain,* 97 NY2d at 304). Once the party invoking the doctrine discharges his or her burden in that regard, the party to be estopped bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination (*id.*).

The doctrines of res judicata and collateral estoppel apply to arbitration awards with the same force and effect as they apply to judgments of a court (*see QDR Consultants & Dev. Corp. v Colonia Ins. Co.,* 251 AD2d 641, 642 [1998]; *Dimacopoulos v Consort Dev. Corp.,* 158 AD2d 658, 659 [1990]; *Luppo v Waldbaum, Inc.,* 131 AD2d 443, 445 [1987]).

The Supreme Court erred in granting those branches of the defendants' motion which were to dismiss the third cause of action to recover damages for legal malpractice on the ground that it was barred by arbitration and award, res judicata, and collateral estoppel, and awarding summary judgment to the defendants dismissing that cause of action. The defendants failed to sustain their burden of demonstrating that all of the issues raised in the instant action which are or may be determinative thereof were necessarily decided in the arbitration proceeding, which, it is undisputed, was conducted pursuant to part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR 137.0-137.12; hereinafter part 137). Part 137, entitled "Fee Dispute Resolution Program," sets forth the procedures for the resolution of fee disputes between attorneys and clients through arbitration and mediation (*see* 22 NYCRR 137.0) and applies when, as here, an attorney's representation

of a client commenced on or after January 1, 2002 (*see* 22 NYCRR 137.1 [a]; *Pickard v Tarnow,* 18 Misc 3d 1102[A], 2007 NY Slip Op 52377[U] [2007]). Under the program, an arbitrator "determine[s] the reasonableness of fees for professional services, including costs, taking into account all relevant facts and circumstances" (22 NYCRR 137.0). However, part 137 expressly provides that it does not apply to "claims involving substantial legal questions, including professional malpractice or misconduct" (22 NYCRR 137.1 [b] [3]; *see Lorin v 501 Second St.,* 2 Misc 3d 646, 649 [2003]).

The allegations of the complaint, as amplified by the affidavit submitted by the plaintiff in his opposing papers, do not relate solely to the reasonableness of the fees charged by the defendants. The plaintiff also sets forth factual allegations of malpractice. Under part 137, these allegations could not properly have been considered by the arbitrators (*see* 22 NYCRR 137.1 [b] [3]).

Moreover, notwithstanding the defendants' failure to establish their entitlement to judgment as a matter of law with respect to the legal malpractice cause of action, the plaintiff demonstrated, in any event, that he lacked a full and fair opportunity to litigate all of the causes of action asserted in the complaint by presenting, in opposition to the motion, his own affidavit as well as the affirmation of the attorney who represented him at the arbitration proceeding. Both the plaintiff and his former counsel stated that the arbitration panel heard only matters relating to fees, and specifically declined to hear any other issues, including issues of lawyer malpractice or misconduct. Accordingly, the third cause of action was not subject to dismissal on grounds of arbitration and award, res judicata, and collateral estoppel.

However, the defendants were entitled to dismissal of the remaining causes of action, albeit on a ground different than that articulated by the Supreme Court. As the defendants correctly argue, the breach of fiduciary duty and breach of contract causes of action are duplicative of the legal malpractice cause of action (*see Shivers v Siegel,* 11 AD3d 447 [2004]; *Best v Law Firm of Queller & Fisher,* 278 AD2d 441, 442 [2000], *cert denied sub nom. Best v Sears, Roebuck & Co.,* 534 US 1080 [2002]), and the plaintiff failed to plead the fraud cause of action with the requisite particularity (*see* CPLR 3016 [b]). Finally, the cause of action alleging violation of Judiciary Law § 487 fails to state a cause of action because, even assuming that certain of the plaintiff's factual allegations could be construed as articulating violations of the statute, the statute applies only to wrong-

ful conduct by an attorney in an action that is actually pending (*see Tawil v Wasser,* 21 AD3d 948, 949 [2005]; *Henry v Brenner,* 271 AD2d 647, 647-648 [2000]). Accordingly, the second, fourth, fifth, and sixth causes of action to recover damages for breach of fiduciary duty, breach of contract, fraud, and violation of Judiciary Law § 487, respectively, should have been dismissed for failure to state a cause of action.

The plaintiff's remaining contention is not properly before this Court. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.