*857 In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brown, J.), entered May 15, 2012, which granted the defendants’ motion pursuant to CPLR 3211 (a) to dismiss the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) to dismiss the cause of action alleging legal malpractice, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.
The plaintiffs retained the defendants to represent them in an action commenced against the plaintiffs alleging that the plaintiffs had engaged in certain wrongful acts as directors and officers of several corporations. The parties subsequently had a fee dispute, which was resolved in an arbitration proceeding conducted pursuant to part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR 137.0-137.12 [hereinafter part 137]). The panel of arbitrators awarded the defendants the sum of $48,103.75, the full amount in dispute, and the arbitration award was confirmed by the Supreme Court in a proceeding commenced pursuant to CPLR article 75. The plaintiffs subsequently commenced this action alleging that the defendants had committed legal malpractice and breach of contract by failing to investigate whether there were insurance policies issued to the corporations that would have covered the attorney’s fees, defense costs, and loss incurred by the plaintiffs in the underlying action.
The Supreme Court should have denied that branch of the defendants’ motion which was to dismiss the complaint on the ground that the complaint is barred by the doctrines of collateral estoppel and res judicata. Part 137 expressly provides that it does not apply to “claims involving substantial legal questions, including professional malpractice or misconduct” (22 NYCRR 137.1 [b] [3]). As such, the defendants failed to sustain their burden of demonstrating that all of the issues raised in the instant action which are or may be determinative thereof were necessarily decided in the arbitration proceeding, or in the proceeding to confirm the arbitration award (see Mahler v Campagna, 60 AD3d 1009, 1011-1012 [2009]). Moreover, in opposition to the motion, the plaintiffs submitted an affidavit of the plaintiff Om P Soni, in which he stated that the arbitration panel refused to consider issues regarding the quality of the legal services performed by the defendants, and this evidence was sufficient to demonstrate that, in any event, the plaintiffs *858 lacked a full and fair opportunity to litigate the issues raised in the instant complaint (see id. at 1012).
However, the defendants were entitled to dismissal of the cause of action alleging breach of contract, albeit on a ground different from that articulated by the Supreme Court (see CPLR 3211 [a] [7]). The cause of action alleging breach of contract was duplicative of the cause of action alleging legal malpractice, since it arose from the same facts and did not seek distinct and different damages (see Ofman v Katz, 89 AD3d 909, 911 [2011]; Alizio v Feldman, 82 AD3d 804, 805 [2011]; Mahler v Campagna, 60 AD3d at 1012). Angiolillo, J.P., Leventhal, Lott and Austin, JJ., concur.