■ BRIAN COHEN, Respondent, v MICHAIL Z. HACK et al., Appellants. [986 NYS2d 482]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered January 28, 2014, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss the legal malpractice claim and to compel arbitration of the breach of contract claim, unanimously modified, on the law, the motion granted to the extent of dismissing the legal malpractice claim, and otherwise affirmed, without costs.

Plaintiff does not assert that defendants' conduct caused the result of his dispute with his disability insurer to be worse than it would have been. Rather, he argues that defendants, in bad faith and without full disclosure, pressured him into changing from an hourly retainer to a contingency retainer. The only loss he alleges is the additional fees owed to counsel as a result of changing the retainer. This is fatal to his claim for malpractice (*see Warshaw Burstein Cohen Schlesinger & Kuh, LLP v Long-mire*, 106 AD3d 536 [1st Dept 2013], *lv dismissed* 21 NY3d 1059 [2013]; *see also Sumo Container Sta. v Evans, Orr, Pacelli, Norton & Laffan*, 278 AD2d 169, 170-171 [1st Dept 2000]).

The court correctly held that, despite the submission to arbitration in the retainer agreement, arbitration of the contract claim was inappropriate under the circumstances. The retainer agreement provided for arbitration under part 137 of the Rules of the Chief Administrator of the Courts (22 NYCRR). However, the gravamen of the contract claim is that it is invalid because of defendants' misconduct in inducing plaintiff to sign it, or because it created a windfall for defendants. By the express terms of the rules the parties chose to govern their arbitration,

claims such as this are not arbitrable since 22 NYCRR 137.1 (b) (3) provides that part 137 does not apply to "claims involving substantial legal questions, including professional malpractice or misconduct" (*see Mahler v Campagna*, 60 AD3d 1009, 1012 [2d Dept 2009]). Concur—Friedman, J.P., Acosta, Saxe, Feinman and Gische, JJ.