■ Gail Barouh, Appellant, v Law Offices of Jason L. Abelove et al., Respondents. [17 NYS3d 144]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Reilly, J.), dated September 3, 2013, as denied those branches of her motion which were for summary judgment on the first and second causes of action, which alleged legal malpractice and breach of fiduciary duty, respectively, and to strike a stated

portion of the answer, and granted those branches of the defendants' cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the fourth and fifth causes of action, which alleged a violation of Judiciary Law § 487 and fraud, respectively.

Ordered that order is affirmed insofar as appealed from, with costs.

In 2001, the plaintiff commenced a shareholders' derivative action (hereinafter the First Shareholder Action) against, among others, the Barouh Eaton Allen Corp. (hereinafter BEA). The defendant Jason Abelove represented the plaintiff in that action. After the First Shareholder Action was settled in 2002, Abelove represented BEA in various matters. In 2008, the plaintiff commenced a second shareholders' derivative action (hereinafter the Second Shareholder Action) against, among others, BEA (hereinafter collectively the BEA defendants). The plaintiff, who was allegedly unaware of Abelove's previous representation of BEA, retained him as a consulting attorney in the Second Shareholder Action. The BEA defendants moved to dismiss the Second Shareholder Action pursuant to CPLR 3103 (c) on the ground that the plaintiff's retention of their former counsel "poisoned" the litigation. Following a hearing, the Supreme Court, in an order dated December 23, 2011, denied the motion to dismiss, and this Court affirmed the order insofar as appealed from (see Barouh v Barouh, 112 AD3d 572 [2013]).

The plaintiff commenced the instant action against the defendants Jason Abelove and the Law Offices of Jason L. Abelove (hereinafter together the defendants) to recover damages, inter alia, for legal malpractice, based in large part upon Abelove's failure to disclose his prior representation of BEA to the plaintiff at the time of the Second Shareholder Action. The complaint alleged that as a result of Abelove's conduct, the plaintiff incurred legal fees and expenses in defending against the BEA defendants' motion to dismiss. The plaintiff moved for summary judgment on the complaint and to strike a stated portion of the defendants' answer. The defendants cross-moved, among other things, to dismiss the fourth and fifth causes of action, which alleged a violation of Judiciary Law § 487 and fraud, respectively. The Supreme Court granted the defendants' cross motion and denied the plaintiff's motion. The plaintiff appeals.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] [the] motion

for dismissal will fail" (*Zellner v Odyl, LLC*, 117 AD3d 1040, 1040 [2014] [internal quotation marks omitted]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). In considering such a motion, "the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (*Hense v Baxter*, 79 AD3d 814, 815 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Rietschel v Maimonides Med. Ctr.*, 83 AD3d 810, 810 [2011]; *see Fishberger v Voss*, 51 AD3d 627, 628 [2008]). Further, "a court may consider any factual submissions made in opposition to a motion to dismiss in order to remedy pleading defects" (*Matter of Baugher*, 98 AD3d 1111, 1112 [2012]; *see* CPLR 3211 [c]).

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the fourth cause of action, which alleged a violation of Judiciary Law § 487. The complaint failed to adequately allege that the defendants' allegedly deceitful conduct proximately caused the plaintiff's damages, which consisted of her legal fees and expenses in defending against the BEA defendants' motion to dismiss. The crux of the plaintiff's contention is that the BEA defendants would not have chosen to move for dismissal in the Second Shareholder Action on the ground that the litigation was "poisoned" if Abelove had disclosed to the plaintiff that he previously represented BEA, and she, as a result, did not retain Abelove. The alleged damages, however, stem from the BEA defendants' independent decision to move for dismissal. Thus, speculation is required to conclude that the BEA defendants would not have moved for dismissal if Abelove disclosed his representation of BEA to the plaintiff. Accordingly, the plaintiff's allegation that Abelove's deceitful conduct was the proximate cause of her incurring legal fees and expenses in defending against the BEA defendants' motion to dismiss is speculative (*see Mizuno v Barak*, 113 AD3d 825, 827 [2014]; *cf. Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 848 [2012]).

As to the allegations in the complaint concerning Abelove's alleged misconduct prior to the Second Shareholder Action, the

complaint, too, failed to adequately allege damages that resulted from such alleged misconduct. Moreover, Judiciary Law § 487 does not apply to Abelove's alleged misconduct prior to the Second Shareholder Action, as the statute only applies to wrongful conduct by an attorney in a pending proceeding in which the plaintiff was a party (*see* Judiciary Law § 487; *Sun Graphics Corp. v Levy, Davis & Maher, LLP*, 94 AD3d 669 [2012]; *Mahler v Campagna*, 60 AD3d 1009, 1012-1013 [2009]; *Tawil v Wasser*, 21 AD3d 948, 949 [2005]).

In addition, the fifth cause of action, which alleged fraud, was duplicative of the legal malpractice cause of action, as it arises from the same facts as those underlying the legal malpractice cause of action, and does not allege distinct damages (*see Mackey Reed Elec., Inc. v Morrone & Assoc., P.C.*, 125 AD3d 822, 823 [2015]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185, 1189 [2012]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the fifth cause of action, which alleged fraud.

To recover damages for legal malpractice, a plaintiff must establish that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Smith v Kaplan Belsky Ross Bartell, LLP*, 126 AD3d 877 [2015]). To establish causation, "a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages but for the attorney's negligence" (*id.* at 878).

Here, the plaintiff failed to demonstrate her entitlement to judgment as a matter of law on the cause of action alleging legal malpractice as she failed to establish, prima facie, that but for Abelove's conduct, the plaintiff would not have sustained damages in defending against the BEA defendants' "poisoning" motion. In addition, the plaintiff failed to establish, prima facie, that Abelove breached the applicable standard of professional care and skill as, inter alia, the expert report submitted by her was improperly submitted for the first time in reply (*see* CPLR 2214; *Damas v Valdes*, 84 AD3d 87, 95-96 [2011]; *Klimis v Lopez*, 290 AD2d 538 [2002]; *Voytek Tech. v Rapid Access Consulting*, 279 AD2d 470, 471 [2001]), and was inadmissible because it was not subscribed and affirmed by the expert to be true under the penalties of perjury (*see* CPLR 2106; *Clarke v Brooklyn Union Gas Co.*, 297 AD2d 779, 781 [2002]; *Doumanis v Conzo*, 265 AD2d 296 [1999]). Moreover, the plaintiff failed to demonstrate her entitlement to

judgment as a matter of law on her cause of action alleging breach of a fiduciary duty for the reasons discussed above, as this claim is based upon the same alleged acts of legal malpractice (*see Breslin Realty Dev. Corp. v Shaw*, 72 AD3d 258, 261 [2010]; *Adamski v Lama*, 56 AD3d 1071, 1072-1073 [2008]; *see also Boone v Bender*, 74 AD3d 1111, 1113 [2010]). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the causes of action alleging legal malpractice and breach of a fiduciary duty.

Finally, the plaintiff sought to strike a stated portion of the defendants' answer which states, in effect, that the defendants were prohibited from making certain responses to allegations in the complaint in order to comply with a so-ordered stipulation of confidentiality from the Second Shareholder Action. The Supreme Court properly denied this branch of the plaintiff's motion, as she failed to establish that confidentiality was waived based upon the BEA defendants' conduct (*see generally City of New York v State of New York*, 40 NY2d 659, 669 [1976]). Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.