Freeman Lewis LLP v Financiera De Desarrollo Indus. y Commercial S.A. (2019 NY Slip Op 03936)





Freeman Lewis LLP v Financiera De Desarrollo Indus. y Commercial S.A.


2019 NY Slip Op 03936


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


9383N 651458/17

[*1] Freeman Lewis LLP, Plaintiff-Respondent,
v
Financiera De Desarrollo Industrial y Commercial S.A., et al., Defendants-Appellants, Estate of Jose Enrique Heredia, et al., Defendants.


Menz Bonner Komar & Koenigsberg LLP, White Plains (Patrick D. Bonner, Jr. of counsel), for Financiera De Desarrollo Industrial y Comercial S.A., Trecedieciocho S.A., Amherst Inc. and Edith Sara Heredia and Garcia De Daneri, appellants.
Feuerstein Kulick LLP, New York (Daniel J. Brown of counsel), for
Liliana Heredia Del Solar, appellant.
Foreht Associates LLP, New York (Stephen R. Foreht of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered January 29, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for an attachment, unanimously reversed, on the law, with costs, and the attachment vacated.
The IAS court erred in finding that plaintiff was likely to prevail on its claim for fees under the retainer agreement.
Whether some or all of plaintiff's fee should be forfeited due to ethical violations is to be determined on a full record. At this stage of the litigation, the allegations and arguments that plaintiff violated the Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.7(a) by suing Fideicosa for fees while still representing it in the federal action preclude a finding that plaintiff is likely to succeed on the merits. Further, the clause in the retainer agreement that gave plaintiff a veto over any settlement may be found to have violated rule 1.2(a) (see Matter of Snyder, 190 NY 66, 75 [1907]), which also calls into question plaintiff's likelihood of success on the merits.
The IAS court also should not have found that plaintiff was likely to prevail on its veil piercing theory (see Shisgal v Brown, 21 AD3d 845, 848 [1st Dept 2005]). Defendants generally observed corporate formalities. Moreover, defendants did not use the corporate form to perpetrate a fraud or wrong upon plaintiff. Rather, defendants merely attempted to negotiate a settlement of the (seventeen year old) case without counsel. At most, this constituted a breach of the corporation's contract (see Time Equities, Inc. v Naeringsbygg 1 Norge III AS, 50 Misc 3d 1221[A], *5-6 [Sup Ct, NY County 2016]).
The IAS court was correct that the case was not subject to arbitration under Part 137 of the Rules of the Chief Administrator of the Courts. While the parties' broad arbitration clause constituted consent to arbitrate disputes over $50,000 (see [22 NYCRR] § 137.1[b][2]), the case could not be arbitrated because it involves alleged attorney misconduct (see [22 NYCRR] § 137.1[b][3]; Cohen v Hack, 118 AD3d 460 [1st Dept 2014]).
Finally, plaintiff has obtained adequate security for well over half of the claimed $2 million fee by way of a stipulation with the defendant-payor in the underlying federal action. [*2]Pursuant to the stipulation, the defendant payor has agreed to honor plaintiff's charging lien upon judgment or settlement.
As such, the attachment should not have issued (see Laco X-Ray Sys. v Fingerhut, 88 AD2d 425, 430 [2d Dept 1982]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK