Matter of Hart (2025 NY Slip Op 04993)

Matter of Hart

2025 NY Slip Op 04993

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-01481 
2022-03223

[*1]In the Matter of Clifford J. Hart, etc., deceased. Davidson, Sochor, Ragsdale & Cohen, LLC, respondent; Estate of Clifford J. Hart, et al., appellants. (File No. 753/14)

Martin Wm. Goldman, New York, NY, for appellants.
Walsh & Walsh, New York, NY (John K. Walsh, Jr., of counsel), for respondent.
Abrams Garfinkel Margolis Bergson, LLP, New York, NY (Robert J. Bergson and Alexander Rabinowitz of counsel), for respondent.

DECISION & ORDER
In a probate proceeding in which Davidson, Sochor, Ragsdale & Cohen, LLC, petitioned pursuant to SCPA 2110 to fix and determine the amount of an attorney's fee, the Estate of Clifford J. Hart, Jake Hart, Alex Hart, and Naomi Hart appeal from (1) an order of the Surrogate's Court, Rockland County (Keith J. Cornell, S.), dated January 12, 2022, and (2) an order of the same court dated March 15, 2022. The order dated January 12, 2022, insofar as appealed from, (1) denied that branch of the motion of the Estate of Clifford J. Hart, Jake Hart, Alex Hart, and Naomi Hart which was for summary judgment dismissing the petition, (2) granted the petitioner's motion (a) for leave to renew that branch of its prior motion which was pursuant to CPLR 3126 to strike the amended answer with counterclaims of the Estate of Clifford J. Hart, Jake Hart, Alex Hart, and Naomi Hart, which had been denied in an order of the same court dated May 5, 2021, and, upon renewal, in effect, vacated so much of the order dated May 5, 2021, as denied that branch of the petitioner's prior motion and thereupon granted that branch of the petitioner's prior motion, and (b) for an award of attorneys' fees incurred in making the motion, and (3) granted the petition to the extent of awarding the petitioner legal fees in the sum of $14,537.50 and disbursements in the sum of $655, to be charged against the Estate of Clifford J. Hart. The order dated March 15, 2022, insofar as appealed from, directed Jake Hart and Alex Hart to pay the petitioner the principal sum of $4,735 as an award of attorneys' fees incurred in making the motion, inter alia, for leave to renew.
ORDERED that the orders dated January 12, 2022, and March 15, 2022, are affirmed insofar as appealed from, with one bill of costs.
In 2014, Clifford J. Hart (hereinafter the decedent) executed a will with the assistance of the petitioner, a law firm that provides estate planning services. The decedent died in November 2014, survived by his sons Jake Hart and Alex Hart. Subsequently, the petitioner began work on behalf of the Estate of Clifford J. Hart (hereinafter the estate). No engagement letter was executed. [*2]In February 2015, after the petitioner secured the appointment of Jake Hart as administrator of the estate, Martin Goldman informed the petitioner that the estate would not pay the petitioner's invoices because there was no executed engagement letter.
In June 2015, the petitioner filed a petition pursuant to SCPA 2110 to fix and determine compensation for services rendered on behalf of the estate. The estate, Jake Hart, Alex Hart, and Naomi Hart (hereinafter collectively the appellants) interposed an amended answer with counterclaims.
In August 2021, after discovery disputes and the issuance of various discovery orders, the appellants moved, inter alia, for summary judgment dismissing the petition on the ground that the petitioner failed to comply with an obligation to serve the appellants with notice of a right to resolve the underlying fee dispute via arbitration pursuant to 22 NYCRR part 137. Thereafter, the petitioner moved for leave to renew that branch of its prior motion which was pursuant to CPLR 3126 to strike the appellants' amended answer with counterclaims based on the appellants' repeated failure to comply with discovery requests and orders, which had been denied in an order dated May 5, 2021, and for an award of attorneys' fees incurred in making the motion.
In an order dated January 12, 2022, the Surrogate's Court, among other things, denied that branch of the appellants' motion which was for summary judgment dismissing the petition, granted leave to renew and, upon renewal, granted that branch of the petitioner's prior motion which was pursuant to CPLR 3126 to strike the appellants' amended answer with counterclaims, granted that branch of the petitioner's motion which was for an award of attorneys' fees incurred in making the motion, and granted the petition to the extent of awarding the petitioner legal fees in the sum of $14,537.50 and disbursements in the sum of $655, to be charged against the estate. In an order dated March 15, 2022, the court, inter alia, directed Jake Hart and Alex Hart to pay the petitioner the principal sum of $4,735 as an award of attorneys' fees incurred in making the motion, among other things, for leave to renew. These appeals ensued.
SCPA 2110(1) provides that "[a]t any time during the administration of an estate and irrespective of the pendency of a particular proceeding, the court is authorized to fix and determine the compensation of an attorney for services rendered to a fiduciary or to a devisee, legatee, distributee or any person interested." A proceeding pursuant to SCPA 2110 may be initiated by "an attorney who has rendered services" to an estate (id. § 2110[2]). The Surrogate's Court has broad discretion to determine what constitutes a reasonable attorney's fee for such services, regardless of the terms of a retainer agreement or other agreement between the parties (see Matter of Brody, 202 AD3d 781, 782; Matter of LiGreci, 195 AD3d 617, 618; Matter of McCann, 236 AD2d 405, 406).
The New York State Fee Dispute Resolution Program (hereinafter the Fee Dispute Resolution Program) (22 NYCRR part 137) provides "for the informal and expeditious resolution of fee disputes between attorneys and clients through arbitration and mediation" (id. § 137.0). Part 137 expressly provides that it does not apply to "claims involving substantial legal questions, including professional malpractice or misconduct" (id. § 137.1[b][3]; see Soni v Pryor, 102 AD3d 856, 857).
Here, contrary to the appellants' contention, they did not have a right to arbitrate the issues raised in this proceeding in the Fee Dispute Resolution Program, and thus, they had no right to a notice advising them of such a right. The Fee Dispute Resolution Program "is a creature of court rules and does not supplant or otherwise displace the authority of [the] Surrogate's Court to fix counsel fees—authority conferred by statute" (Matter of Ruth A. Timm Irrevocable Trust [Moore—St. Julien], 222 AD3d 1051, 1053; see 22 NYCRR 137.1[b]). Further, to the extent that the appellants' counterclaims alleged legal malpractice by the petitioner, arbitration pursuant to the Fee Dispute Resolution Program was not available here (see 22 NYCRR 137.1[b][3]; Matter of Ruth A. Timm Irrevocable Trust [Moore—St. Julien], 222 AD3d at 1052; Mahler v Campagna, 60 AD3d 1009, 1012). Accordingly, the Surrogate's Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the petition.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading, where a party refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed (see id. § 3126[3]; Matter of Dahan, 231 AD3d 945, 947). Although a determination whether to strike a pleading for failure to comply with court-ordered discovery lies within the sound discretion of the court (see Bank of Am., N.A. v Castillo, 227 AD3d 760, 761), such a drastic remedy should not be imposed absent a clear showing of "willful and contumacious" conduct (Kiernan v Booth Mem. Med. Ctr., 175 AD3d 1398, 1400; see Bank of Am., N.A. v Castillo, 227 AD3d at 761). "Although not expressly set forth as a sanction under CPLR 3216, . . . the imposition of a monetary sanction under CPLR 3126 may be appropriate to compensate counsel or a party for the time expended and costs incurred in connection with an offending party's failure to fully and timely comply with court-ordered disclosure" (Lucas v Stam, 147 AD3d 921, 926; see Matter of Dahan, 231 AD3d at 947).
Here, the appellants' willful and contumacious conduct can be inferred from their repeated failure to comply with the Surrogate's Court's discovery orders despite warnings that such failure could result in their amended answer with counterclaims being stricken (see Lucas v Stam, 147 AD3d at 925). Under the circumstances of this case, the court providently exercised its discretion in striking the appellants' amended answer with counterclaims and imposing a monetary sanction against Jake Hart and Alex Hart (see generally Matter of Dahan, 231 AD3d at 947-948).
The appellants' remaining contentions are without merit.
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court